Petition for review allowed January 30, argued on review March 5, affirmed April 2, 1973

# STATE OF OREGON, *Respondent, v.* TITUS SERVON SERRELL, *Petitioner.*

507 P2d 1405

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed briefs for petitioner.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

HOLMAN, J.

Defendant was convicted of the illegal sale of narcotics and his conviction was affirmed by the Court of Appeals, 11 Or App 324, 501 P2d 1324 (1972). We allowed defendant's petition for review.

The only issue we will consider on review is the claim by defendant that he was denied a speedy trial. The indictment alleged that the illegal sale of narcotics was made on September 27, 1971. Defendant was indicted on February 15, 1972, and tried on March 24, 1972. He does not complain of the lapse of time between indictment and trial. He does complain, however, of the 141 days between the time he made the alleged sale to an undercover agent and the time he was indicted. Defendant argues that the state had all information concerning his guilt on the day of the crime which he is alleged to have committed, and that its delay in returning the indictment prejudiced him because his memory during the interim failed him concerning his whereabouts on the day of the crime.

The Court of Appeals, in its opinion in this case, stated at 11 Or App at 327:

> "The trial judge did not err in denying defendant's motion to dismiss for lack of a speedy trial. The time interval involved (141 days), between the sale of heroin charged in the indictment and the return of the indictment, was not excessive. Defendant failed to establish that he had been prejudiced thereby."

In *State v. Griffin,* 7 Or App 19, 489 P2d 985 (1971), it also said:

"We are persuaded that under certain circumstances the Sixth Amendment speedy trial right may apply to the period after the prosecution decides to proceed and has sufficient evidence for arrest or indictment * * *." (Footnote omitted.) 93 Adv Sh at 764.

It is thus apparent that the Court of Appeals believes that the time between the state's knowledge of a violation of the law by a defendant and its charging him with that violation may be taken into consideration in determining whether he has been given a speedy trial. The Court of Appeals is in error in this respect. The right of a speedy trial is given by the Sixth Amendment of the United States Constitution and by Article I, section 10, of the Constitution of the State of Oregon.① Concerning the Sixth Amendment, the Supreme Court of the United States held in *United States v. Marion,* 404 US 307, 92 S Ct 455, 30 L Ed 2d 468 (1971):

"* * * [I]t is readily understandable that it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." 404 US at 320.

In *State v. Vawter,* 236 Or 85, 90-91, 386 P2d 915 (1963), this court said:

"* * * We think, however, that the requirement of Article I, section 10 of the Constitution that 'justice shall be administered * * * without delay' means that there shall be no unreasonable delay after a formal complaint has been filed against the defendant. * * * While Article I, sec-

---

① As implemented by ORS 134.120.

tion 10, of the Constitution of this state does not contain the word 'accused,' as do the comparable provisions in the Constitutions of the United States * * * still, we think that the same construction should be given to the constitution of this state. No different measure of protection of the rights of persons accused of crime can reasonably be said to have been in the minds of the framers of our constitution."

■ From the foregoing, it is plain that the time elapsing prior to an arrest or a formal charge is not taken into consideration in determining whether a defendant has been given a speedy trial. Since defendant made no complaint concerning the lapse of time between his indictment and trial, there is no question in this case involving a speedy trial.[⊛]

■ However, although the right to be charged promptly with a crime is not protected by the constitutional provisions entitling a defendant to a speedy trial, his right to due process under the Fifth Amendment may so protect him, depending upon the circumstances. The primary guarantee against bringing overly stale criminal charges is the statute of limitations. However, in *United States v. Marion, supra,* the Court said:

> "* * * [I]t is appropriate to note here that the statute of limitations does not fully define the appellees' rights with respect to the events occurring prior to indictment. Thus, the Government concedes that the Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice

---

[⊛] For a more recent extensive opinion on a defendant's right to speedy trial, *see* Barker v. Wingo, 407 US 514, 92 S Ct 2182, 33 L Ed 2d 101 (1972).

to appellees' rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused. Cf. Brady v. Maryland, 373 US 83, 10 L Ed 2d 215, 83 S Ct 1194 (1963); *Napue v. Illinois*, 360 US 264, 3 L Ed 2d 1217, 79 S Ct 1173 (1959). However, we need not, and could not now, determine when and in what circumstances actual prejudice resulting from pre-accusation delays requires the dismissal of the prosecution. Actual prejudice to the defense of a criminal case may result from the shortest and most necessary delay; and no one suggests that every delay-caused detriment to a defendant's case should abort a criminal prosecution. To accommodate the sound administration of justice to the rights of the defendant to a fair trial will necessarily involve a delicate judgment based on the circumstances in each case. It would be unwise at this juncture to attempt to forecast our decision in such cases." 404 US at 324-25.

In any event, the accused has the burden of proving that his right to due process was prejudiced by pre-indictment delay. It is our opinion that he does not carry his burden by claiming he does not remember where he was on the day the crime was alleged to have been committed.

The judgment of conviction is affirmed.