Submitted on appellant's brief June 4, affirmed June 18, 1973

## STATE OF OREGON, *Appellant, v.* JACK WAYNE WILLINGHAM (No. C-72-03-0994), *Respondent.*

510 2Pd 1339

Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem, for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

PER CURIAM.

The state appeals from an order dismissing a second degree assault indictment against defendant. The assault allegedly occurred on March 4, 1972, indictment was returned on March 22, and arrest war-

rant concurrently issued. Defendant was arrested on October 6, 1972, never having previously known that he was charged with anything, although a policeman had talked with him on the night of the incident. The police had defendant's address at all times. No excuse is given for the six-and-one-half-month delay in serving the warrant. It was attributable to pure negligence.

After hearing evidence on defendant's motion to dismiss for lack of speedy trial, the judge said:

"* * * I think any delay at all beyond the usual length of time we attempt to dispose of cases, tends to impair * * *. In this particular case * * * there is unexplained, unnecessary delay. It is, I think, prejudicial * * *."

In the formal written findings and conclusions he said:

"While defendant showed no substantial actual prejudice * * * and while the length of the delay * * * was not so prolonged as to permit a legal presumption of prejudice to the defendant's defense * * *"

the failures of the state caused an unreasonable delay calling for the dismissal.

In *Barker v. Wingo,* 407 US 514, 92 S Ct 2182, 33 L Ed 2d 101 (1972), factors to consider in determining whether delays by prosecution violate speedy trial requirements were set out. The court noted that while intentional delay calculated to prejudice a defense would weigh heavily against the prosecution, that negligence not culpable in nature should nevertheless also be considered. 407 US at 531. *See also State v. Serrell,* 265 Or 216, 507 P2d 1405 (1973).

The trial court did find defendant was prejudiced, albeit not seriously, in the case at bar. Dis-

missal is a drastic prophylactic and to be used only sparingly. However, considering the serious negligence of the police in delaying the service of the warrant and this finding of some prejudice, although not substantial, we do not think the trial court order should be reversed.

Affirmed.