Argued November 20, reversed December 17, 1973, reconsideration denied January 23, petition for review denied February 20, 1974

STATE OF OREGON, *Appellant, v.*
NANCY HEYER (No. 73-485-C), *Respondent.*

517 P2d 314

*Robert M. Burrows,* District Attorney, Grants Pass, argued the cause for appellant. With him on the brief was Richard K. Lane, Deputy District Attorney, Grants Pass.

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

Defendant was indicted on July 20, 1973, on a charge of criminal activity in drugs, alleged to have been committed on April 17, 1972. She was arrested promptly after the indictment was returned. On August 3, 1973, she filed a motion to dismiss on the ground that there was an unreasonable delay in issuing the indictment and, as a result, she was denied both due process under the Fifth and Fourteenth Amendments and her right to a speedy trial guaranteed by the Sixth Amendment. The trial court agreed and entered its order dismissing the indictment on both grounds. The state appeals.

A team composed of officers from various police agencies had been engaged in an intensive effort to crack what it believed to be widespread narcotic activity in the public schools. For this purpose the police, in March 1972, were successful in employing a girl then in her junior year in high school as an undercover agent. She continued this activity throughout the remainder of her junior and senior years in high school.

Following the conclusion of her senior year, the results of her investigations were submitted to a grand jury. This led to the prompt indictment of this defendant and others. The defendant and the undercover agent were both students at the high school.

At the hearing on the motion to dismiss, the testimony established that the delay in seeking the indictment was the result of three reasons. First, the effectiveness of the agent's efforts justified continuing

her employment. Second, for the first time, law enforcement was acquiring accurate intelligence about drug traffic in the high school. Third, the safety and welfare of the agent's person was a concern if her identity were disclosed at a time when she would still have to attend the high school and necessarily associate with the same group of people she was investigating.

It is not disputed that the foregoing were the reasons for the delay in submitting the evidence of this offense to the grand jury, and that the defendant was not arrested or otherwise subjected to any police activity prior to the return of the indictment.

We will consider first the Sixth Amendment contention. In *State v. Serrell*, 265 Or 216, 219, 507 P2d 1405 (1973), the Supreme Court considered this question and said:

> "From the foregoing, it is plain that the time elapsing prior to an arrest or a formal charge is not taken into consideration in determining whether a defendant has been given a speedy trial. Since defendant made no complaint concerning the lapse of time between his indictment and trial, there is no question in this case involving a speedy trial."

Since the delay complained of here was prior to the filing of any charge or the arrest of the defendant, it is clear that the court erred in concluding that defendant was denied her right to a speedy trial under the Sixth Amendment. *United States v. Marion*, 404 US 307, 92 S Ct 455, 30 LEd2d 468 (1972); *State v. Serrell*, supra.[1]

---

[1] For a full discussion of the considerations involved in determining whether, following arrest and indictment, there has been a violation of a defendant's Sixth Amendment right to a speedy trial and, if so, the remedy therefore, *see* Strunk v. United States, 412 US 434, 93 S Ct 2260, 37 LEd2d 56 (1973) and Barker v. Wingo, 407 US 514, 92 S Ct 2182, 33 LEd2d 101 (1972).

As the court in *Serrell* points out, the defendant's right to due process under the Fourteenth Amendment may protect her "if it were shown at trial that the pre-indictment delay" did in fact cause "substantial prejudice * * * and that the delay was an intentional device [adopted by the state] to gain tactical advantage over the accused." *United States v. Marion,* supra, at 324.

In *State v. Serrell,* supra, at 220, the court concluded its opinion by stating:

"* * * In any event, the accused has the burden of proving that his right to due process was prejudiced by pre-indictment delay. *It is our opinion that he does not carry his burden by claiming he does not remember where he was on the day the crime was alleged to have been committed."* (Emphasis supplied.)

Here, the accused offered no testimony to support the trial court's conclusion that she was prejudiced by the pre-indictment delay, nor was there any testimony to establish that defendant in fact did not remember where she was on the day charged in the indictment. Nothing in the record supports the conclusion that the delay was an intentional device to gain tactical advantage over the accused. Indeed, the only evidence is to the contrary.

Reversed.