Argued November 20, reversed December 17, 1973, reconsideration denied January 23, petition for review denied February 20, 1974

STATE OF OREGON, *Appellant, v.*
JESSE GUNN (Nos. 73-463-C and 73-464-C),
*Respondent.*
517 P2d 316

*Robert M. Burrows,* District Attorney, Grants Pass, argued the cause for appellant. With him on the brief

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

This case raises the identical question decided this day in *State v. Heyer,* 16 Or App 22, 517 P2d 314 (1973), Sup Ct *review denied* (1974). Defendant Gunn was separately indicted on July 20, 1973, for two crimes of criminal activity in drugs alleged to have been committed on July 13, 1972, and August 17, 1972. He moved to dismiss each indictment on the ground of prejudice because of "the unreasonable delay" in commencing prosecution. The trial court, after hearing, allowed the motions. The reasons for the delay were the same as set forth in *State v. Heyer,* supra, and involved the use of the same undercover police agent.

Here, however, unlike *Heyer,* the defendant took the stand and testified generally concerning his activities during the year which had elapsed between the first alleged transaction and the return of the indictment. In essence, however, his testimony was simply that he had no memory of his whereabouts on either of the dates charged in the indictments and, thus, was unable to produce testimony from himself or others which might tend to establish an alibi.

At the conclusion of the hearing, the court said:

"In the opinion of the Court where the State of Oregon through the use of paid employees, expert in the field of law enforcement, has information that

a crime was committed, a delay in excess of a year is an unconscionable and unreasonable delay and I think highly prejudicial to the defendant to have to attempt to assist his attorney and to prepare a defense after that long a time. Case Number 73-463-C and 73-464-C will be dismissed."

No findings of fact were contained in the order dismissing the indictments. We take the comment of the court above-quoted to be a general one indicating that a pre-indictment delay in excess of a year after the police have knowledge of the offense is always prejudicial to defendant and warrants a dismissal.

In *State v. Serrell,* 265 Or 216, 220, 507 P2d 1405 (1973), our court, as we pointed out in *State v. Heyer,* supra, concluded its opinion with the following:

"* * * In any event, the accused has the burden of proving that his right to due process was prejudiced by pre-indictment delay. *It is our opinion that he does not carry his burden by claiming he does not remember where he was on the day the crime was alleged to have been committed.*" (Emphasis supplied.)

Defendant here, as in *Heyer,* relies on *State v. Willingham,* 13 Or App 504, 510 P2d 1339 (1973). In that case there had been a delay by the police of over six months in serving an arrest warrant which had been issued following the defendant's indictment.

Here, however, we are concerned with an alleged due process, pre-indictment delay, not a denial of a right to a speedy trial after indictment. Both *Serrell* and *United States v. Marion,* 404 US 307, 92 S Ct 455, 30 LEd2d 468 (1972) make clear this distinction.[1] In

---

[1] For a full discussion of the considerations involved in determining whether, following arrest and indictment, there has

addition, *Willingham* dealt with a clear case of police negligence in failing to promptly serve the arrest warrant which it was their statutory duty to do. ORS 133.140.

The burden of showing prejudice resulting from prosecution delay prior to the filing of a formal charge or the arrest of a defendant is upon the defendant. *State v. Serrell,* supra at 220. *Serrell* expressly holds as a matter of law that a defendant "does not carry his burden by claiming he does not remember where he was on the day the crime was alleged to have been committed." Since the defendant here failed to establish any other reason supporting his claim of prejudice from the delay, and since it is not shown that the delay was caused by any intent on the part of the state to impede or prejudice the defendant in his preparation for trial, it follows under *Serrell* that the judgment must be reversed.

Reversed.

---

been a violation of a defendant's Sixth Amendment right to a speedy trial and, if so, the remedy therefore, *see* Strunk v. United States, 412 US 434, 93 S Ct 2260, 37 LEd2d 56 (1973) and Barker v. Wingo, 407 US 514, 92 S Ct 2182, 33 LEd2d 101 (1972).