Argued June 20, reversed and remanded for trial July 14, 1975

STATE OF OREGON, *Appellant, v.*
FRANK ANTHONY PUCKETT (No. 74-2083
and No. 74-2088), *Respondent.*

538 P2d 74

*Thomas H. Denney,* Assistant Attorney General,
Salem, argued the cause for appellant. On the brief

were Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Timothy Wood, Assistant Attorney General, Salem.

*David W. James, Jr.,* Eugene, argued the cause for respondent. With him on the brief were Bennett, Kaufman & James and Dean S. Kaufman, Eugene.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

The state appeals from an order of the circuit court dismissing an indictment against defendant for burglary on the ground that defendant had been denied a speedy trial. The sole issue presented is whether the court erred in dismissing the above indictment.

These are the essential facts. Defendant was indicted on April 25, 1974. He was arraigned and released after executing a recognizance agreement. When the case came on for hearing defendant failed to appear and a bench warrant was issued for his arrest. Three months later defendant committed a burglary in Idaho and was arrested, convicted and sentenced to the Idaho State Correctional Institution.

While serving his sentence in Idaho, defendant requested the Idaho authorities to check regarding the disposition of the Oregon charges. An institution official telephoned the sheriff, the city police and district attorney's office in Lane County, Oregon. Office personnel at all three offices indicated that there were no outstanding warrants on defendant in Oregon. The official also contacted someone at the county courthouse who told him that defendant had appeared in court, pleaded guilty to two charges and was released from jail. Moreover, this same person told the Idaho official that defendant had no pending court appear-

ances in Oregon. The Idaho official then informed defendant there were no outstanding warrants against him.

Six months after defendant was convicted in Idaho, the Idaho authorities paroled defendant to Oregon. After being in Oregon for one week, the Oregon authorities arrested defendant on the outstanding burglary warrant. Three months later the matter came before the court on defendant's motion to dismiss.

The state contends that inasmuch as the 11-month delay was caused by defendant's own actions in leaving the state in violation of his release-on-recognizance commitment, and that the delay did not result in any prejudice to defendant, the circuit court should not have ruled that the delay violated defendant's right to a speedy trial.

Defendant argues that he has a "right to re-habilitation" mandated by the Sixth Amendment to the United States Constitution and Article I, §§ 1, 10 and 15, of the Oregon Constitution, and that such right was violated by the failure of the state to bring him to trial within a reasonable time after his incarceration in Idaho.

We conclude that the order below must be reversed.

■ The delay from date of first arrest to date of dismissal was 13 months, a relatively short period of time when compared with *Moore v. Arizona,* 414 US 25, 94 S Ct 188, 38 L Ed 2d 183 (1973) (three years), and *Barker v. Wingo,* 407 US 514, 529-30, 92 S Ct 2182, 33 L Ed 2d 101 (1972) (five years). The time period is not so long therefore as to constitute prejudice per se.

■ In being released on his own recognizance, defendant agreed: that he would not leave the state without leave of the court; that he would keep the

court and his attorney advised of his whereabouts; and that he would promptly notify the court if he was arrested or cited for any new criminal charges. Defendant violated all of these conditions. Thus the delay began with defendant's noncompliance with the court's order rather than the actions of the various local office personnel who gave out incorrect information.

At the hearing on defendant's motion to dismiss, there was no showing of prejudice. The court made no finding of prejudice. Instead, the court's finding simply stated that defendant's motion was granted because the state had failed to provide defendant a speedy trial. Defendant was incarcerated but as a result of the Idaho charges and not the Oregon charges. Oregon placed no detainer on defendant. Therefore the detainer Act (ORS 135.775) does not apply. There is no contention that witnesses have disappeared as a result of his stay in Idaho.

■ We cannot accept defendant's right-to-rehabilitation argument in this context. Art I, § 15, Oregon Constitution, which provides that reformation shall be the basis of our criminal laws, does not eliminate the requirement that those who violate the criminal laws must stand trial for their violations and, if convicted, be punished as provided by law. Defendant's earnest argument that he has already been rehabilitated is one that should be addressed to the sentencing judge or the parole authorities in the event defendant is convicted.

■ As we observed in *State v. Willingham,* 13 Or App 504, 505-06, 510 P2d 1339 (1973), dismissal is a drastic prophylactic and one to be used sparingly. We hold that dismissal was not proper here.

Reversed and remanded for trial.