Argued September 23, reversed and remanded October 20, 1975

STATE OF OREGON, *Appellant, v.* LANCE
EDWARD BROWN (No. C75-01-0299 Cr),
*Respondent.*

541 P2d 491

*Janet A. Metcalf,* Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*J. Marvin Kuhn,* Deputy Public Defender, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and LEE, Judges.

SCHWAB, C. J.

This is a criminal case in which the defendant was charged with burglary in the first degree. Defendant filed a motion to dismiss (ORS 164.225), contending that pre-indictment delay violated his right to a speedy trial and constituted a denial of due process.

The state appeals from the circuit court's order granting the motion dismissing the indictment. We agree with the state that the motion to dismiss should have been denied.

On August 1, 1974, a Portland householder reported to the police that his residence had been broken into during his absence between the hours of 4 p.m. and 9:30 p.m., and that several items were taken. The police obtained fingerprints and on August 26, 1974, identified the prints obtained as those of the defendant. The police then referred the matter to the district attorney's office which took no action for some four months. The parties agree that the failure of the district attorney to act promptly was negligent, not intentional. In any event, on January 3, 1975, the matter was referred to a deputy district attorney and on January 24, 1975, the grand jury returned the burglary indictment. The police promptly attempted to arrest the defendant, but through no fault on their part, could not locate him until February 18, at which time they arrested him.

At the hearing on the motion to dismiss, defendant testified that on August 1 he was living with his mother, and that because of the passage of time he could not remember the places he had been on August 1. He could remember that he had never been at the burglarized premises. This he remembered in spite of the fact that between the time of his arrest and the hearing on his motion he had never taken the occasion to go by the premises to see if this would

refresh his memory. The police report which was made a part of the record by stipulation states, "* * * subject's fingerprints were found inside the house * * * the prints being on broken glass at the point of entry * * *."[1] The only other evidence relevant to the issue of prejudice due to delay was testimony by one of defendant's counsel to the effect that he had spoken with defendant's mother, sister and brother, and that they could not remember August 1 with any specificity. There is nothing in the record to indicate that any of them were asked whether they would have normally had occasion to know defendant's whereabouts between the hours of 4 p.m. and 9:30 p.m. In fact, the record discloses nothing on this issue except the bare statement from counsel that he talked to the three people and that they could not remember that day with any specificity.

This case is controlled by *State v. Serrell*, 265 Or 216, 219-20, 507 P2d 1405 (1973), which involved a 4½-month delay between criminal act and indictment. What the court said there is dispositive here:

"'* * * Thus, the Government concedes that the Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to appellees' rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused. Cf. Brady v. Maryland, 373 US 83, 10 L Ed 2d 215, 83 S Ct 1194 (1963); *Napue v. Illinois*, 360 US 264, 3 L Ed 2d 1217, 79 S Ct 1173 (1959). [*United States v. Marion*, 404 US 307, 324-25, 92 S Ct 455, 30 L Ed 2d 468 (1971).]'

[1] This case is similar in some respects to United States v. Ross, 464 F2d 1278 (9th Cir 1972). There the defendant also claimed that delay-caused loss of memory impeded his ability to marshal a strong defense. The court agreed that the defendant's testimony was vague, but was "* * * convinced that the passage of time was not the cause, but, rather, the strength of the government's case against him * * *." 464 F2d at 1279.

"\* \* \* [T]he accused has the burden of proving that his right to due process was prejudiced by pre-indictment delay. *It is our opinion that he does not carry his burden by claiming he does not remember where he was on the day the crime was alleged to have been committed.*" (Emphasis supplied.)

*Accord, State v. Heyer,* 16 Or App 22, 517 P2d 314 (1973), Sup Ct *review denied* (1974); *State v. Gunn,* 16 Or App 26, 517 P2d 316 (1973), Sup Ct *review denied* (1974).

Reversed and remanded.