STATE OF OREGON, *Appellant,*
*v.*
LIONEL CARTER, *Respondent.*
(C 75-04-1236, CA 5025)
547 P2d 194

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Jeffrey S. Mutnick,* Metropolitan Public Defender, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Lee, Judges.

FOLEY, J.

**FOLEY, J.**

■ The state appeals from a circuit court order dismissing an indictment against defendant for unlawfully obtaining public assistance on the ground that a preindictment delay of approximately 15 months constituted a denial of defendant's right to due process of law under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. This case raises the same question decided adversely to the defendant in *State v. Gunn,* 16 Or App 26, 517 P2d 316 (1973), Sup Ct *review denied* (1974), wherein we declined to find that a 12-month preindictment delay was prejudicial as a matter of law. Defendant here has failed to produce any evidence indicating that he was, in fact, prejudiced by the delay and thus has not met his burden of proving actual prejudice. *State v. Serrell,* 265 Or 216, 507 P2d 1405 (1973). *See also State v. Brown,* 23 Or App 158, 541 P2d 491 (1975); *State v. Heyer,* 16 Or App 22, 517 P2d 314 (1973), Sup Ct *review denied* (1974).

■■ Contrary to defendant's contention, we conclude that the Supreme Court's recent clarification of the principles governing preindictment delay in *Dillingham v. United States,* — US ——, 96 S Ct 303, 46 L Ed 2d 205 (1975), does not require a modification of *State v. Serrell,* supra, or cases decided thereunder. We read the per curiam opinion in *Dillingham* as essentially no more than a reaffirmance of *United States v. Marion,* 404 US 307, 92 S Ct 455, 30 L Ed 2d 468 (1971), which held that the speedy-trial provision of the Sixth Amendment is activated only when prosecution has been initiated against a person and protects only those persons who have been accused as a result of that prosecution. In *Dillingham* the court reversed a determination that a 22-month delay *between petitioner's arrest and indictment* was not to be considered in assessing a denial-of-speedy-trial claim, thus adding preindictment arrest as an activator of the speedy-

trial provision. There was no preindictment arrest or charge in the case at bar.

Reversed and remanded.