Argued October 22, reversed and remanded December 13, 1976, reconsideration denied January 19, petition for review allowed February 1, 1977
See later issue Oregon Reports

STATE OF OREGON, *Appellant,*

*v.*

MARSHALL IVORY, *Respondent.*

(No. 75-0538, CA 6343)

557 P2d 698

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

TANZER, J.

**TANZER, J.**

The state appeals from an order dismissing an indictment for lack of a speedy trial.[1]

Defendant was indicted for criminal activity in drugs on January 30, 1975. The charge arose from a sale of cocaine by defendant three months earlier. Defendant was arrested on December 14, 1975, in Eugene on the outstanding warrant following a routine traffic stop. His speedy trial motion, which was addressed to the 11½-month period between the indictment and his arrest,[2] was granted following a hearing on April 26, 1976.

A determination of whether defendant's speedy trial right has been violated requires the balancing of four factors: the length of the delay, whether defendant asserted his right to a speedy trial, the reasons for the delay and prejudice to the defendant. *Barker v. Wingo,* 407 US 514, 92 S Ct 2182, 33 L Ed 2d 101 (1972); *State v. Evans,* 19 Or App 345, 527 P2d 731 (1974), *rev den, cert den* 423 US 843 (1975). None of these four factors is a necessary or sufficient condition to the finding of a speedy trial violation. *Barker v. Wingo, supra,* 407 US at 533. Rather, they are indicators which, when considered in view of their interrelationship and together with other circumstances which may bear on a particular case, are helpful in achieving the sensitive balance between the public's interest in maintaining an efficient and effective judicial process and the accused's interest in a speedy resolution of charges against him. Speedy trial cases do not lend themselves to analysis according to rigid standards, they must rather be approached on an ad hoc basis with the aid of these indicators.

---

[1] ORS 135.747; U. S. Const. amends. VI, XIV; Oregon Const. art. I, § 10.

[2] No challenge was made to the three-month delay between the alleged transaction and the indictment. *See State v. Serrell,* 265 Or 216, 507 P2d 1405 (1973).

[ 687 ]

### 1. *Length of Delay*

■■    An unusually long delay is the mechanism that triggers the weighing process. *State v. Gray,* 26 Or App 901, 904, 554 P2d 638 (1976); *see generally* Rudstein, *The Right to a Speedy Trial: Barker v. Wingo in the Lower Courts,* 1975 U of Ill Law Forum 11, 15. On its face an 11½-month delay between indictment and arrest, while not sufficient to raise a presumption of prejudice, *State v. Evans,* supra, 19 Or App at 351, is longer than should be tolerated without further inquiry. We therefore consider the other factors in light of the length of delay.

### 2. *Defendant's Assertion of his Right*

The defendant asserted his right to a speedy trial through his motion to dismiss the indictment. No challenge is made to the timeliness of that motion.

### 3. *Reasons for the Delay*

The delay was not intentionally caused. However, there is strong evidence that it could have been shortened or eliminated through more diligent police work.

At the time of the alleged cocaine sale, defendant was a student at the University of Oregon and was living in Eugene. Prior to his indictment, he withdrew from school and returned to his family's home in Portland. At all times prior to his arrest, he was living in either Portland or Eugene. His Portland address was available to the police upon inquiry from the university registrar and the Motor Vehicles Division which issued him an operator's license.

Police efforts to locate defendant following his indictment primarily consisted of making several visits to his last known Eugene address, and requesting that Portland police attempt to locate defendant there. While we do not expect drastic manhunts to be initiated in ordinary cases, we do expect the police to

take simple and obvious steps such as checking with a defendant's last employer or school or inquiring of the Motor Vehicles Division. Had such steps been taken in this case, it could have been resolved in a timely fashion. The failure to pursue such easily available avenues of investigation must weigh against the state.

### 4. *Prejudice to Defendant*

Defendant admits the acts charged in the indictment and asserts a defense of entrapment. He contends that as a result of the 11½-month delay, three witnesses, whose testimony would aid in establishing this defense, have become unavailable.[3]

The first such witness is a woman known only as "Vicki." Defendant testified that she was present when he was first approached about a cocaine sale. He did not state the facts to which he expected she would testify. Instead he stated in answer to a conclusory question that she would testify that he was not predisposed to be involved in such a transaction. The witness was seen in Eugene as late as June 1975, five months after indictment. Following defendant's arrest, a private investigator tried unsuccessfully to locate her.

The second such witness was a student working with the police, who was instrumental in arranging the cocaine sale. Defendant would expect him to testify that he solicited defendant to sell cocaine on several occasions over an extended period of time. There is no showing of what more the witness would be expected to say about these occasions. He was still in Eugene, and still working with the police, in early March 1975, but he could not be located after defendant's arrest.

---

[3]Following the hearing on defendant's motion to dismiss, the trial court indicated that it would grant the defendant's motion unless the prosecution could produce one of the three missing witnesses within one week. The prosecution did not do so.

The third witness, known only as "Scott," was allegedly the person who supplied the cocaine to defendant. Defendant claims that he would testify that defendant was not a dealer and that he did not profit from the transaction herein.

██ The most important interest which the speedy trial right protects is the defendant's ability to prepare his defense. *Barker v. Wingo, supra,* 407 US at 532. When it is charged that a delay has impaired this ability and when there has been a showing of circumstances which imply a reasonable possibility of such injury, *State v. Evans, supra,* this showing must weigh against the state. How heavily it must weigh will depend in part upon how fully the circumstances giving rise to the possibility of prejudice are established and how substantial a risk of prejudice appears from the record.

█ In this case, defendant has identified three missing witnesses whom he claims would corroborate his defense. As to Scott, the dealer, it is unlikely that he could be persuaded to waive his privilege against self-incrimination and to give the testimony which defendant expects. Therefore, there is no reasonable possibility that defendant has been prejudiced by his unavailability.

The other two witnesses were allegedly present at various events which might be relevant to the defense of entrapment, and particularly to the issue of defendant's criminal predisposition. Apart from the conclusory statement that Vicki would testify that defendant was not predisposed to sell drugs, there is no showing of the facts to which these witnesses would be expected to testify. Without such a showing, we cannot assume they would have supported defendant's claim of entrapment and that the risk of prejudice arising from their absence is great. Clearly defendant hopes that the testimony of the missing witnesses would help to establish an essential element of his entrapment

defense.[4] He has failed, however, to support that hope by setting out the facts—as opposed to hoped for conclusions—to which the witnesses are likely to be able and willing to testify. *Cf. State v. Elliott,* 276 Or 99, 553 P2d 1058 (1976).

Dismissal is a drastic remedy which should not be ordered lightly. *State v. Willingham,* 13 Or App 504, 510 P2d 1339 (1973). In view of the insubstantial showing of risk of prejudice in this case, we conclude that the 11½-month delay, even though caused at least in part by lack of police thoroughness, does not justify frustration of the public interest in the orderly adjudication of criminal charges by application of that remedy.

Reversed and remanded.

---

[4]The principal element in an entrapment defense is defendant's lack of predisposition to commit the crime. *United States v. Russell,* 411 US 423, 93 S Ct 1637, 36 L Ed 2d 366 (1973).