Argued March 27, reversed and remanded August 2, reconsideration
denied September 12, 1978, petition for review allowed January 9, 1979

## STATE OF OREGON, *Appellant,*

*v.*

## RONALD E. SCURLOCK, *Respondent.*

### (No. 22373, CA 9830)

581 P2d 986

W. Benny Won, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

David M. Jaqua, Redmond, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

JOSEPH, J.

[ 579 ]

## JOSEPH, J.

Defendant was indicted for assault in the first degree (ORS 163.185), the alleged dangerous weapon being an automobile. The indictment was dismissed, and the state appeals.

The automobile accident out of which the assault charge arose occurred on November 11, 1976. The condition of the alleged victim did not stabilize until two months later. After her condition had stabilized, the district attorney delayed another eight months until defendant had turned 18 years of age before seeking an indictment. It is conceded that the delay was intentional and was for the sole purpose of avoiding a juvenile court remand proceeding under ORS 419.533(1),[1] thereby insuring adult criminal treatment of defendant.

Defendant asserts that the intentional delay was a basically unfair exercise of power by the district attorney in violation of the policy underlying the remand statute, which entrusts to the juvenile court the determination of whether a person between 16 and 18 years of age should be treated as an adult. The trial court agreed. However, there is no statutory authority for the dismissal of an indictment on that basis.

In some circumstances, even in the absence of a statutory authorization, a dismissal may be the appropriate remedy for the protection of a constitutional right. *United States v. Marion,* 404 US 307, 92 S Ct 455, 30 L Ed 2d 468 (1971); *State v. Serrell,* 265 Or 216,

---

[1] ORS 419.533(1):

"A child may be remanded to a circuit, district, justice or municipal court of competent jurisdiction for disposition as an adult if:

"(a) The child is at the time of the remand 16 years of age or older;

"(b) The child committed or is alleged to have committed a criminal offense or a violation of a municipal ordinance; and

"(c) The juvenile court determines that retaining jurisdiction will not serve the best interests of the child because the child is not amenable to rehabilitation in facilities or programs available to the court."

219, 507 P2d 1405 (1973). Defendant asserts that the failure of the district attorney to initiate a juvenile proceeding was in some way a denial of procedural due process. We do not accept that. There is nothing in the provisions of ORS ch 419 that ever compels the initiation of a juvenile proceeding, and it is well settled that the defendant's age at the date of the filing of a charge determines whether the matter is subject to a remand proceeding under ORS 419.533(1). *State v. Richmond,* 31 Or App 553, 520 P2d 1014 (1977); *State v. Watchman,* 20 Or App 709, 711, 533 P2d 361, *rev den* (1975). Furthermore, there is no due process requirement that the exercise of prosecutorial discretion be preceded by any form of hearing. *Woodward v. Wainwright,* 556 F2d 781 (5th Cir 1977); *Russell v. Parratt,* 543 F2d 1214 (8th Cir 1976); *Cox v. United States,* 473 F2d 334 (4th Cir 1973), *cert den* 414 US 869 (1973); *United States v. Bland,* 472 F2d 1329 (DC Cir 1972), *cert den* 412 US 909 (1973).

With respect to defendant's claim that his right to equal protection was denied, it suffices to say that he has not pointed to anything that could amount to an invidious or other unreasonable, impermissible classification or discrimination that could trigger such a holding.

In *State v. Serrell, supra,* the Supreme Court recognized that, while the "primary guarantee" against the bringing of stale criminal charges is the statute of limitations, there may be a Fifth Amendment right to be charged promptly for an offense. The court relied on the following language from *United States v. Marion, supra,* 404 US at 324-25:

"* * * [I]t is appropriate to note here that the statute of limitations does not fully define the appellees' rights with respect to the events occurring prior to indictment. Thus, the Government concedes that the Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case would cause substantial prejudice to appellees' rights to a fair trial and that

the delay was an intentional device to gain tactical advantage over the accused. * * *"

In *Serrell* the burden of proving prejudice was placed on the defendant. *See also State v. Vance,* 24 Or App 283, 545 P2d 604, *rev den* (1976). We do not understand defendant to argue that the avoidance of a juvenile proceeding deprived him of the possibility of a fair trial on the indictment or gave the state an unfair advantage in trying the criminal charge, and the trial judge made no finding that the delay here caused substantial prejudice to the defendant. We do understand defendant to argue that during the delay of several months in bringing the charge, several evidential factors changed or were altered, but the trial judge made no finding that the delay was the cause of those things or that they prejudiced his ability to make a defense. Possibly a showing of prejudicial cause and effect can be made in subsequent proceedings, but that showing was not made when the case was dismissed.

Reversed and remanded.