Argued and submitted November 21, reversed and
remanded for trial December 31, 1979

# STATE OF OREGON,
*Appellant,*

*v.*

# RICHARD ALLEN BURNS,
*Respondent.*

## (No. 77-4732, CA 14524)

607 P2d 735

Ronald R. Sticka, Assistant District Attorney, Eugene, argued the cause for appellant. With him on the brief was J. Pat Horton, District Attorney, Eugene.

Thomas L. Fagan, Eugene, argued the cause and filed the brief for respondent.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

TANZER, P. J.

## TANZER, P. J.

Defendant was charged with theft in the first degree, but his case was dismissed for violation of his right to a speedy trial under the Sixth Amendment to the United States Constitution and Art I, § 10, of the Oregon Constitution.[1] The state appeals the dismissal and we reverse and remand for trial.

Defendant was indicted on August 25, 1977, for an alleged crime of May 14, 1977, but he was not arrested until sometime in March, 1979. During the period between the alleged crime and the indictment, defendant and his wife traveled for one month from Oregon to Florida and then to California, where they took up residence. They resided in four different locations in California during the following 15 months. Defendant used a post office box and an unlisted telephone. He lived with his wife intermittently. He was a California welfare recipient and was the registered owner of a vehicle.

Prior to his indictment, police from Springfield, Oregon, apparently made two attempts to locate defendant. One officer contacted defendant's wife's parents in an attempt to locate defendant regarding a traffic citation, but at that time they did not know defendant's whereabouts and they so informed the officer. Another officer made one attempt to locate defendant during the investigatory stage of this case. The police made no further attempts to locate defendant. Defendant's parents-in-law testified that they were regularly in contact with defendant and his wife while they were in California and would have given

---

[1] We do not rely on the Oregon speedy trial statute, ORS 135.747, because under that statute dismissal of a felony prosecution does not bar reprosecution. *See* ORS 135.753(2). Such dismissal would be inadequate to resolve this case, because defendant's motion to dismiss was based upon his constitutional entitlement to a speedy trial. When the constitutional right to a speedy trial has been denied, the remedy must be dismissal with prejudice. *Strunk v. United States*, 412 US 434, 440, 93 S Ct 2260, 37 L Ed 2d 56 (1973). *See State v. Ivory*, 278 Or at 503.

the Springfield police defendant's address if the police had requested it.

In March, 1979, defendant was brought to Oregon from California to face this charge. The circumstances do not appear in the record. He promptly moved to dismiss the charge for violation of his speedy trial right. He testified that he was unable to remember the day or the events in question, and asserted that his defense was prejudiced thereby. The trial court found that the state did not make a reasonable effort to locate defendant before the indictment was returned, and that the state negligently failed to make further attempts to locate him after he was indicted. The court stated that there was a "reasonable possibility or probability of prejudice in light of the number of months gone by and the common knowledge that memories fade, although I found the defendant less than credible regarding his ability to recall anything."

The determination of whether a defendant has been deprived of his constitutional right to a speedy trial involves a balancing of four factors. *Barker v. Wingo*, 407 US 514, 92 S Ct 2182, 33 L Ed 2d 101 (1972); *State v. Ivory*, 278 Or 499, 564 P2d 1039 (1977). Those factors are: (1) the length of delay, (2) whether defendant asserted his right to a speedy trial, (3) the reasons for the delay, and (4) prejudice to the defendant. *Barker v. Wingo*, 407 US at 530; *State v. Ivory*, 278 Or at 499. These factors must be viewed together, and no single factor is dispositive. *State v. Ivory*, 278 Or at 505.

In *State v. Ivory*, a delay of 10-1/2 months from indictment to arrest was found sufficient to trigger inquiry into the other three factors. In *Ivory*, the state negligently caused the delay by its inadequate attempts to locate the defendant, and the defendant timely asserted his speedy trial right. The court in *Ivory* concluded that the factors of length of delay, reason for delay, and assertion of the right, all weighed against the state. 278 Or at 505. Here, there was a

15-month delay from indictment to arrest, enough to suggest possible prejudice. It was caused in part by the failure of the state to make adequate attempts to locate defendant. The defendant did not timely assert his right to a speedy trial because he did not know of the charge. Instead, upon learning of the charge, he promptly moved for dismissal. Therefore, we also conclude that the factors of length and reason for the delay weigh against the state and the factor of assertion of the right is neutral.

The last factor to be balanced is prejudice. Three types of prejudice arising from pretrial delays have been identified: the damage arising from prolonged incarceration while awaiting trial; the anxiety and public suspicion resulting from public accusation of a crime; and the hampering of ability to defend at trial where witnesses or records have disappeared or memories have dimmed. *Barker v. Wingo*, 407 US at 532-33. As in *Ivory*, only the latter form of prejudice is at issue in this case.

While the trial court's analysis of the speedy trial factors is entitled to great weight, *State v. Ivory*, 278 Or at 508 n 7, there is no evidence in the record to support the court's finding that there was a reasonable possibility of prejudice to defendant. The passage of 15 months in a case such as this does not constitute prejudice per se. *See State v. Evans,* 19 Or App 345, 350-51, 527 P2d 731 (1974); *State v. Puckett,* 22 Or App 154, 156, 538 P2d 74 (1975). *Cf. State v. Vawter,* 236 Or 85, 96, 386 P2d 915 (1963). In *Ivory*, defendant was prejudiced because three key witnesses to his defense had disappeared. In *Barker v. Wingo*, 407 US at 534, the court found no substantial prejudice to defendant where there was no claim that any witnesses had died or become unavailable and no significant lapses in witnesses' memories had occurred. Here, the trial court found defendant to be not credible in his claimed inability to remember or recount the events in question. Other than defendant's testimony, there was no

[941]

evidence from which to infer prejudice, and the trial court's statement that it is "common knowledge that memories fade" over a 15-month period is insufficient where the only memory in question is defendant's to establish a reasonable possibility of prejudice.

On balance, we find that defendant's right to a speedy trial was not violated. Therefore, we reverse the order of dismissal and remand the case for trial.

Reversed and remanded for trial.