Argued and submitted January 20, reversed and remanded June 22, reconsideration denied August 12, petition for review denied September 20, 1988 (306 Or 660)

# STATE OF OREGON,
*Appellant,*

*v.*

# GERALD DIKE,
*Respondent.*

## (C 87-02-30667; CA A44109)

756 P2d 657

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Marc D. Blackman, Portland, argued the cause for respondent. With him on the brief was Ransom, Blackman & Simson, Portland.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

The state appeals an order dismissing an indictment for preindictment delay. We reverse.

Both parties rely on Article I, section 10, of the Oregon Constitution, and the Fifth, Sixth and Fourteenth Amendments. Section 10 has not been interpreted to protect against preindictment delay. The phrase "justice shall be administered * * * without delay" is directed to unreasonable delay after a charge has been formally made. *State v. Serrel,* 265 Or 216, 218, 507 P2d 1405 (1973); *State v. Vawter,* 236 Or 85, 90, 386 P2d 915 (1963). The provision parallels the Sixth Amendment protection of the right to a speedy and public trial so that a defendant will not be subjected to unreasonable delay between the time of the charge and the time of trial. *United States v. McDonald,* 456 US 1, 102 S Ct 1497, 71 L Ed 2d 696 (1982); *United States v. Marion,* 404 US 307, 92 S Ct 455, 30 L Ed 2d 468 (1971); *State v. Serrel, supra.*

■  Defendant contends that the lapse of time between the initial investigation and the indictment prejudiced his ability to formulate a defense and to locate exculpatory witnesses. He makes those contentions, even though he was indicted within the period of limitations and even though he concedes that "the primary guarantee against bringing overly stale criminal charges is [the] [S]tatute of [L]imitations." *See State v. Serrel, supra,* 265 Or at 219; *State v. Scurlock,* 286 Or 277, 282 n 4, 593 P2d 1159 (1979). Nonetheless, he argues that his rights under the Due Process Clauses of the Fifth and Fourteenth Amendments were violated by the delay. In *Serrel,* the court recognized a two-part test to determine the due process effect of preindictment delay. A defendant must show both substantial prejudice to his right to a fair trial and that the delay was done intentionally to gain a tactical advantage. *See State v. Serrel, supra,* 265 Or at 216; *State v. Hunter,* 58 Or App 99, 104, 647 P2d 943 (1982), *rev den* 294 Or 391 (1983).

■  Defendant argues that he was prejudiced by the delay, because witnesses' statements allegedly had changed, he was unable to locate exculpatory witnesses, witnesses' memories had dimmed and his ability to find impeachment evidence had diminished. There is nothing in the record to show which witnesses' testimony had changed, how it had changed or even

what efforts defendant had made to locate witnesses. Consequently, there is no evidence in the record to establish "substantial prejudice." Furthermore, defendant has not shown that the state intentionally delayed the investigation or the bringing of charges. Counsel conceded in the trial court that he "frankly [could not] point to anything in particular to show it was * * * an intentional act on the part of the District Attorney's office to delay this matter * * *."

■ ■   Next, defendant argues that dismissal of the indictment should stand, because, before the grand jury, the prosecutor asked defendant about his "sexual preference."[1] Defendant contends that the question was irrelevant and highly prejudicial, relying on ORS 132.230, which provides, in relevant part:

> "(1) [T]he grand jury shall receive no other evidence than such as might be given on the trial of the person charged with the crime in question."

In *State v. McDonald,* 231 Or 24, 361 P2d 1001 (1961), *cert den* 370 US 903 (1962), the Supreme Court held that ORS 132.230 does not *bar* the admission of irrelevant or inadmissible evidence in a grand jury proceeding. Recently, the court dealt with the validity of *McDonald* in the light of the commentary to OEC 101(4)(b)[2] and held that an indictment may be set aside only on the statutory grounds stated in ORS 135.510.[3]

---

[1] Defendant demurred to the indictment, raising this point. The demurrer was overruled. Defendant has not cross-appealed but raises the point as a basis for upholding the trial court's dismissal of the indictment on an alternative ground.

[2] The commentary to OEC 101(4)(b) provides, in part:

"The Oregon Supreme Court has held that the statute is admonitory only, and the fact that a grand jury may have been prejudiced by hearsay evidence not allowed under the statute is not grounds for dismissing or quashing an indictment. *State v. McDonald,* 231 Or 24, 361 P2d 1001 (1961). The Legislative Assembly disapproves this case law. It intends that the statute means what it says." Kirkpatrick, *Oregon Evidence* 4 (1982).

[3] ORS 135.510 provides:

"(1) The indictment shall be set aside by the court upon the motion of the defendant in either of the following cases:

"(a) When it is not found, indorsed and presented as prescribed in ORS 132.360, 132.400 to 132.430 and 132.580.

"(b) When the names of the witnesses examined before the grand jury are not inserted at the foot of the indictment or indorsed thereon.

"(2) Nothing in paragraph (b) of subsection (1) of this section shall affect the application of ORS 132.580."

*State v. Stout,* 305 Or 34, 41, 749 P2d 1174 (1988). The court said: "[I]f an indictment cannot be attacked on the ground that the grand jury heard insufficient evidence, it follows that it cannot be attacked on the ground that the grand jury heard the wrong type of evidence." 305 Or at 41. It also follows that an indictment cannot be set aside because the grand jury considered evidence that might not be admissible at trial.

Reversed and remanded.