Argued and submitted August 19, 1987, reversed and remanded October 5, 1988

## STATE OF OREGON,
*Appellant,*

*v.*

## CHARLES MICHAEL SCHIFF,
*Respondent.*

(C86-04-31742; CA A41695)

762 P2d 319

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

The state appeals from a pretrial order dismissing a charge of driving while under the influence (DUII) on the ground that defendant was denied due process. We reverse and remand.

On June 30, 1984, defendant was cited for the misdemeanors of driving while under the influence and failure to perform the duties of a driver. *Former* ORS 487.540 (now ORS 813.010); *former* ORS 483.604 (now ORS 811.700). After continuances had been obtained by both sides, the case was set for trial on August 15, 1985. Before that date, the state moved to dismiss both charges, having determined that felony prosecution was warranted on the charge of failure to perform the duties of a driver, because the injuries were more serious than originally believed. The court granted the motion to dismiss without prejudice. On April 16, 1986, the grand jury returned a two count indictment charging defendant with failure to perform the duties of a driver and driving while under the influence. *Former* ORS 483.602 (now ORS 811.705); *former* ORS 487.540 (now ORS 813.010). Defendant was arrested on May 13, 1986, and trial was set for July 3, 1986.

Defendant moved to dismiss, arguing that the two year delay between the original citation in June, 1984, and the trial date of July 3, 1986, violated his speedy trial rights under ORS 135.745, ORS 135.747 and Article I, section 10, of the Oregon Constitution. The trial court granted the motion on the DUII count, but denied it on the count of failure to perform the duties of a driver.[1]

Although defendant did not make a due process argument below, the trial court's dismissal was based on its conclusion that the eight-month delay between the dismissal of the original charges and the subsequent reindictment violated defendant's right to due process.[2] In order to establish that due process was denied, a defendant must show substantial

---

[1] This appeal concerns the ruling on the DUII count. After it was dismissed, there was a trial on the failure to perform the duties of a driver charge. Defendant was found guilty and cross-appealed from the judgment. However, we dismissed the cross-appeal for failure to prosecute.

[2] The trial court did not indicate the source of the due process right. However, we assume that it was relying on the Due Process Clause of the Fourteenth Amendment.

prejudice and that the delay was caused intentionally in order to gain a tactical advantage. *State v. Serrel,* 265 Or 216, 507 P2d 1405 (1973); *State v. Dike,* 91 Or App 542, 756 P2d 657 (1988).

The trial court found that the state's actions were not undertaken to gain a tactical advantage. We agree. The reason for the eight-month delay between the dismissal of the original charges and the subsequent indictment was explained by the deputy district attorney assigned to the case as being due to her two-month absence from the office, which created a substantial backlog in her caseload. Although the responsibility for the delay rests with the state, *see State v. Hale,* 80 Or App 279, 282, 721 P2d 887 (1986), we find no reason to disturb the trial court's holding that the delay was not intentional.

We also find that the delay did not result in substantial prejudice to defendant. Defendant argued generally in the trial court that his memory of the events had diminished and that, after the dismissal, he lost contact with his attorney. However, he does not explain specifically how that prejudiced his case, and there is nothing else in the record to indicate that defendant was substantially prejudiced. He conceded at the time of the motion to dismiss that the 13-month delay between the original citation and the first trial date was reasonable. Although his memory may have diminished during the subsequent eight-month delay, he knew at the time when the misdemeanor charges were dismissed that the state planned to seek an indictment, and he had adequate opportunity to take steps to preserve his recollection. Furthermore, there is no evidence of prejudice to defendant's defense as a result of his temporary loss of contact with his attorney.

In the trial court,[3] defendant relied on ORS 135.745, ORS 135.747 and Article I, section 10, of the Oregon Constitution. ORS 135.745 entitles a defendant who "has been held to answer for a crime" to a dismissal if circuit court proceedings are not instituted within 30 days of the defendant's being "held to answer." However, "held to answer" means bound over by a magistrate after a preliminary hearing or held pursuant to an information filed by the district attorney. Defendant was not held to answer and, thus, the time limits in the statute are not applicable.

---

[3] Defendant has not appeared in this court.

ORS 135.747 provides:

> "If a defendant *charged with a crime,* whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed." (Emphasis supplied.)

The delay between the initial citations and the dismissal of the original charges occurred because of continuances by the state *and* defendant. Defendant acknowledged that that delay "was a reasonable length of time with or without continuances." We conclude that the delay between the indictment in April, 1986, and the July 3, 1986, trial date, was not an unreasonable amount of time under the statute.[4]

Article I, section 10, of the Oregon Constitution provides that "justice shall be administered * * * without delay." The provision does not apply to preindictment delay, but only to unreasonable delay after a charge has been formally made. *State v. Serrel, supra; State v. Dike, supra.* The considerations in determining whether it has been violated are the length of the delay, the reasons for the delay and the resulting prejudice to the defendant. *State v. Mende,* 304 Or 18, 21, 741 P2d 496 (1987). Defendant argued in the trial court that the length of the delay in this case should be measured from the original citations in June, 1984, and the July 3, 1986, trial date. Although it has not been resolved whether, for purposes of Article I, section 10, delay should be measured from the date of the indictment or the date of the original citations, we need not reach the issue. As previously discussed, in the light of the reasons for the delay and in the absence of actual prejudice to defendant, the length of the delay from the original citations to the trial does not require dismissal pursuant to Article I, section 10. *State v. Dykast,* 300 Or App 368, 373, 712 P2d 79 (1985).

Reversed and remanded.

---

[4] Although there were additional delays after July 3, 1986, defendant does not contend that the state should be held responsible for those.