Submitted on appellant's petition for reconsideration filed November 25, 1992, reconsideration allowed; opinion (115 Or App 655, 840 P2d 95) modified and adhered to as modified January 6, reconsideration denied March 3, petition for review pending 1993

STATE OF OREGON,
*Respondent,*

*v.*

GORDON TUBANDT EMERY,
*Appellant.*

(L900163CR; CA A69343)

842 P2d 467

Roxanne Osborne, Judge pro tempore. (Amended Judgment)

Michael W. Seidel, Bend, for petition.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant has petitioned for review of our decision that affirmed his conviction for illegal possession of a game mammal. We treat the petition as one for reconsideration, ORAP 9.15(1), and allow it.

Defendant moved to dismiss the complaint filed against him, arguing that he had been denied his right to a speedy trial under ORS 135.747 and Article I, section 10 of the Oregon Constitution. After his motion was denied, he was convicted. On appeal, we held that he was not denied his right to a speedy trial under the circumstances. We said:

> "Here, the delay is not of such length that it is presump-tively prejudicial so as to render proof of actual prejudice unnecessary; neither was the delay wilfully caused by the state for an improper purpose. Because defendant does not argue that he has suffered any prejudice from pretrial incar-ceration or anxiety and concern, we hold that, under the circumstances, ORS 135.747 and Article I, section 10, were not violated." 115 Or App at 658.

We also said that defendant made no claim of actual prejudice.

Defendant correctly points out that he did make a "claim" of actual prejudice. He argued that the delay was prejudicial because a witness, Schalder, died before trial, the memories of the witnesses were dimmed by the passage of time, and the pending charge "made him feel tainted about town, nervous and angry." Additionally, he asserted "that his travel plans were interrupted because of his uncertainty of his ability to leave the state with pending criminal charges."

The trial court took evidence about what testimony Schadler could have given. It found that "one witness has died, but that witness apparently saw nothing that wasn't seen by other witnesses and would probably be a witness for the state in any event." Defendant says, "Without the tes-timony of this witness, there is no way of knowing whether or not his testimony would be helpful to the defendant." Defen-dant does not argue that there is no evidence to support the trial court's finding.

The trial court also said, "All defendants have been subjected to anxiety during the pendency of the charges and memories have faded. * * * The anxiety felt by [defendant]

and the memory loss by the witnesses are within the normal range for cases of this type, and are not justification for dismissal." *State v. Schiff*, 93 Or App 301, 762 P2d 319 (1988), is similar. We noted that the defendant did not explain how diminishing memory specifically prejudiced his ability to defend at trial and that, although his memory may have diminished, he had an adequate opportunity to preserve his recollection.

In this case, defendant's argument suffers from identical deficiencies. One witness testified that his memory had faded and he would have had a better recollection of the events if trial had occurred within six months of the incident. He said he could not remember statements that he had made to the investigating police officers. An officer testified that he had to rely on his notes to remember conversations that he had had with the defendant.

Defendant does not tell us how the evidence establishes that his ability to defend was specifically prejudiced. On the basis of all the evidence, including evidence of pre-trial anxiety, the trial court was correct when it concluded that defendant suffered no prejudice that justified dismissal. Although defendant made a claim of actual prejudice, it is not persuasive.

Reconsideration allowed; opinion modified and adhered to as modified.