Argued and submitted September 29, 1993, reversed and remanded
February 2, 1994

# STATE OF OREGON,
*Appellant,*

*v.*

# WILLIAM RICHARD COGGIN,
*Respondent.*

## (C 89-12-37076; CA A77081)

868 P2d 29

Kaye E. Sunderland, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Jesse Wm. Barton, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender.

Before Warren, Presiding Judge, and Edmonds, Judge, and Durham, Judge pro tempore.

EDMONDS, J.

## EDMONDS, J.

The state appeals from an order dismissing with prejudice the indictment against defendant for lack of a speedy trial.[1] We reverse and remand.

On August 5, 1989, defendant and three other individuals were arrested in a motel room where the police found a syringe containing methamphetamine and a dismantled methamphetamine laboratory. At the time of his arrest, defendant was an escapee from the Oregon State Penitentiary (OSP). He was returned to OSP on August 8, 1989. On December 15, 1989, defendant was indicted on charges stemming from the August 5, 1989, arrest.[2]

According to the state, a warrant for defendant's arrest on the indictment was delivered to the sheriff's office for service soon thereafter. However, because defendant was already in custody, the sheriff's office did not serve the warrant, but instead notified the Department of Corrections of the warrant so that the department could put a hold on him. Defendant concedes that he was notified of the indictment and the hold.[3] Apparently the district attorney's office was unaware that defendant was in custody, and because it believed that the warrant for his arrest was outstanding, it did not arrange for a trial. Defendant remained at OSP until March 30, 1992, when he was returned to Multnomah County because of the hold. He was arraigned in March, 1992, and on April 10, 1992, he moved to dismiss the indictment for lack of a speedy trial. US Const, Amend VI; Or Const, Art I, § 10; ORS 135.747.

---

[1] Defendant argues that the state's appeal was not timely, because the final order was entered on April 20, 1992. The April 20, 1992 order expressly states that it is a "temporary order" and that the "final order" would be submitted by defendant's attorney. The final order was entered on September 15, 1992. The state timely appealed from that order.

[2] The indictment charged defendant with attempted manufacture of a controlled substance, ORS 475.992, delivery of a controlled substance, ORS 475.992, possession of a controlled substance, ORS 475.992, and felon in possession of a firearm, ORS 166.270.

[3] ORS 135.760 provides that an inmate in the custody of the Department of Corrections may give notice to the district attorney to "prosecute and bring the inmate to trial on the charge forthwith." Once such notice is received, the district attorney must, absent consent or good cause, bring the inmate to trial within 90 days. ORS 135.763. Defendant did not give the requisite notice to the district attorney.

Following the hearing, the trial court allowed defendant's motion on the basis that the delay was presumptively prejudicial. The trial court said:

> "I am going to allow the motion on constitutional grounds. I think 27-and-a-half months is certainly an unreasonable amount of time. I think it is clear from the record in this case that the only reasons — there was no justifiable reason for the delay, it merely was a bureaucratic failure and this defendant was lost in the cracks.
>
> "* * * * *
>
> "[T]he prejudice to the defendant, I think that there's just an inherent prejudice in a delay of this length. There were witnesses to the event. Whether those witnesses can be located, whether their memories are — have any kind of reliability, because we're really talking about — well, going back to August of '89, so I think there is a real likelihood of prejudice to the defendant.
>
> "* * * * *
>
> "In — as to the question of whether he's prejudiced. I am not trying the case here, * * * and I think there is [sic] a lot of scenarios that he may be — might have been able to present as a defense, and by delay, you may well have precluded him from them.
>
> "* * * * *
>
> "I would say the State, as far as this Court is concerned, the case — the State had every opportunity to bring this man to trial and they did not do it, and that is probably the principal consideration in my mind, and by not doing it, for the very reasons that we have a provision in our Constitution, there is a — there is a likelihood of prejudice to him."

In its written order, the court found:

> "Defendant did not advance how these events prejudice him, but the court believes there is some conceivable scenario where they might."

In determining whether defendant was deprived of his speedy trial rights, the court considers three factors: "(1) the length of the delay, (2) the reasons for the delay and (3) the resulting prejudice to the accused." *State v. Mende*, 304 Or 18, 21, 741 P2d 496 (1987). The threshold inquiry focuses on the length of the delay. If the delay is substantially greater than the average time to bring an accused to trial, it

triggers a full analysis of all three factors. *State v. Mende, supra*, 304 Or at 23. Moreover, if the delay is of such a length as to be manifestly excessive and unreasonable, so that it shocks the imagination and conscience, it is presumptively prejudicial and requires dismissal without evaluation of the other factors. *State v. Mende, supra*, 304 Or at 24.

■ In this case, the time from indictment to arraignment is 27 1/2 months. An example of a delay that is presumptively prejudicial is an eight and one-half year delay. *See Doggett v. United States*, ___ US ___, 112 S Ct 2686, 120 L Ed 2d 520 (1992). In *Haynes v. Burks*, 290 Or 75, 619 P2d 632 (1980), the Oregon Supreme Court held that a delay of 30 months, 19 of which were attributed to the state, was not presumptively prejudicial. In *State v. Chinn*, 115 Or App 662, 666, 840 P2d 92 (1992), we held that a delay of 32 months between indictment and arrest was not presumptively prejudicial. In *State v. Emery*, 115 Or App 655, 840 P2d 95, *mod* 117 Or App 565, 842 P2d 467 (1992), *rev allowed* 317 Or 396 (1993), we held similarly regarding a 24-month delay. Likewise in this case, we hold that the 27 1/2-month delay is not so manifestly excessive and unreasonable that it shocks the imagination and conscience.[4]

■ However, the length of delay in this case does trigger inquiry into the remaining factors. In that inquiry, defendant must establish "actual prejudice to [his] ability to prepare a defense to the charge * * *" or some other form of prejudice. *See State v. Mende, supra*, 304 Or at 23. The court's role in giving effect to the constitutional guarantee is not to balance the criteria, but rather to examine all relevant criteria and ignore none. *Haynes v. Burks, supra*, 290 Or at 81. The determination of whether defendant has established the other factors besides the length of delay is for the trial court to decide in the first instance.[5] Because there was no legal basis

---

[4] Also, this is not a case in which defendant contends that the delay was intended to hamper the defense or to gain an unfair advantage. *See State v. Mende, supra*, 304 Or at 25.

[5] The present record is insufficient for us to determine whether defendant was actually prejudiced in his ability to prepare a defense to the current charges. The affidavit in support of defendant's motion is conclusory and the hearing consisted solely of argument by counsel. The only portion of the record indicating that witnesses were unavailable is defendant's counsel's argument that he was unable to locate two co-defendants who he said were potential witnesses. Alternatively,

for the trial court's conclusion that the delay was presumptively prejudicial, it erred.

Reversed and remanded.

---

defendant's attorney said that he had not had time "to fully investigate the case * * *." Finally, defendant's counsel was precluded from making additional arguments or offering other evidence of prejudice because of the trial court's ruling that the length of delay warranted dismissal.