Submitted on remand from the Oregon Supreme Court April 7, remanded for
resentencing; otherwise affirmed May 10, petition for review denied
July 25, 1995 (321 Or 397)

# STATE OF OREGON,
*Respondent,*

*v.*

# SAM FREDLUND BALKIN,
*Appellant.*

## (CC CR93-00037; CA A80830)

895 P2d 311

Sally L. Avera, Public Defender, and Steven V. Humber, Deputy Public Defender, for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Ann Kelley, Assistant Attorney General, for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

**WARREN, P. J.**

This case is on remand from the Supreme Court for reconsideration in light of *State v. Kephart*, 320 Or 433, 887 P2d 774 (1994), and *State v. Martin*, 320 Or 448, 887 P2d 782 (1994). On reconsideration, we remand for resentencing.

Defendant was charged by indictment with multiple felonies. Pursuant to a plea agreement, he pleaded guilty to sodomy in the second degree, ORS 163.395; two counts of compelling prostitution, ORS 167.017; one count of sodomy in the third degree, ORS 163.385; and possession of a depiction of sexual conduct involving a child, ORS 163.672. The state dismissed the other charges. The trial court imposed upward departure sentences on the convictions for sodomy in the second degree and compelling prostitution. It ordered the sentences on the two compelling prostitution convictions to be served consecutively to defendant's sentence on the conviction for sodomy in the second degree and ordered concurrent probation on the remaining convictions.

■ Defendant appealed and we affirmed without opinion. 132 Or App 234, 890 P2d 454 (1994). Defendant sought review. The Supreme Court vacated our decision and remanded for reconsideration in light of *Kephart* and *Martin*. *State v. Balkin*, 320 Or 578, 889 P2d 351 (1995). Based on those cases, we conclude that we may review the trial court's imposition of the departure and consecutive sentences, because the plea agreement did not contain a stipulated sentencing agreement under ORS 135.407. *Kephart*, 320 Or at 446.

■■ Defendant raises multiple assignments of error. In his first assignment, defendant argues that the trial court erred in considering hearsay information given by the prosecutor about uncharged crimes committed by defendant. Defendant is wrong. In determining whether aggravation factors supported a departure sentence, the trial court could consider any relevant evidence that it found to be trustworthy and reliable. ORS 137.090(2). Defendant suggests that the prosecutor's statements were unreliable. The presentence investigation report contains information identical to much of what the prosecutor told the court. Further, the record indicates that the court found the evidence given by the prosecutor to be trustworthy and reliable. We find no error.

■      Defendant's next assignments relate to the trial court's reliance on seven aggravating factors, which he argues are not substantial and compelling. We review the trial court's factual basis and reasons for the departure sentences. *State v. Wilson*, 111 Or App 147, 149, 826 P2d 1010 (1992).

■      Defendant argues that the trial court erred in relying on six of the aggravation factors, because the court relied on OAR 253-08-002(1)(b)(D), persistent involvement in similar offenses; OAR 253-08-002(1)(b)(G), multiple victims; OAR 253-08-002(1)(b)(J), greater degree of harm; and its findings that defendant had established a network of accomplices to secure young sex partners and his use of drugs and alcohol to seduce those youngsters. We conclude that there are exceptional circumstances supporting the court's reliance on those six aggravation factors. Accordingly, we discuss only defendant's assignment that the record does not support a durational departure under OAR 253-08-002(b)(I) (factor I), which allows the trial court to depart if it finds that the offense resulted in permanent injury to the victim. The record supports the court's finding that defendant's conduct resulted in permanent injury to *one* of the victims. However, the record is silent about any permanent injury to the other victim. The court imposed a durational departure sentence on the count of compelling prostitution that involved the victim about whom there was no evidence of permanent injury (Count X). Because we cannot tell what sentence the court would have imposed on Count X had it not relied on factor I, we remand for resentencing.

■      Defendant's next assignment is that the trial court erred in imposing consecutive sentences on the convictions for compelling prostitution. The trial court concluded that the conduct that was the basis of those convictions caused unique and greater harm to the victims, which was not incidental to the other crimes for which he was charged. *See* ORS 137.123. That conclusion is supported by the record. Further, the trial court did not rely on OAR 253-08-002(1)(b)D, as defendant suggests, to support the consecutive sentences. The trial court did not abuse its discretion by imposing consecutive sentences.

Finally, defendant assigns error to the trial court's imposition of a 64-month term of postprison supervision on

his conviction of sodomy in the second degree. Because defendant will have the opportunity to address that issue on remand, we will not consider it for the first time on appeal.

Remanded for resentencing; otherwise affirmed.