Argued and submitted October 31, 1995, reversed and remanded with instructions
April 17, 1996

# STATE OF OREGON,
*Respondent,*

*v.*

# JEFFREY ALLEN GREEN,
*Appellant.*

## (C91-05-32227; CA A85102)

915 P2d 460

David C. Degner, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant appeals his conviction for sexual abuse in the first degree. ORS 163.427. He claims that the three-year delay between his indictment and trial denied him the statutory and constitutional right to a speedy trial. We reverse.

Sometime between late December 1986 and early January 1987, the five-year-old victim told her mother that defendant had come into her bedroom and touched her vagina. Mother confronted defendant, who denied it. About four years later, in December 1990, the victim repeated the same allegation to a physician during a routine examination. The physician alerted Children's Services Division, and the police began investigating in January 1991. On May 2, 1991, a grand jury indicted defendant for sexual abuse in the first degree, and a warrant was issued for defendant's arrest. However, defendant was not arrested and arraigned until late January 1994. The case went to trial on May 16, 1994.

Defendant moved to dismiss the indictment, asserting both statutory and constitutional speedy trial provisions. The trial court denied the motion, and a jury found defendant guilty.

■ On appeal, defendant assigns error to the trial court's refusal to dismiss under ORS 135.747, the "speedy trial" statute,[1] and Article I, section 10,[2] of the Oregon Constitution. Under each provision, whether defendant was

---

[1] The state contends that ORS 135.747 does not apply because it pertains only to "those post-arrest and post-indictment cases that are ready for trial, but for whatever reason are languishing on the court docket." We disagree. ORS 135.747 refers to defendants "*charged* with a crime," and not merely those who have been arrested or whose cases are "ready for trial." Furthermore, ORS 135.747 was intended to provide "a method for dismissing cases that are languishing in the criminal justice system[.]" *State v. Emery*, 318 Or 460, 467, 869 P2d 859 (1994). When the police wait nearly three years after indictment to make an arrest, that case "languishes in the criminal justice system" no less than those neglected on the trial docket *after* arrest and arraignment.

[2] Article I, section 10, provides:

"No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

The guarantee of "a trial without delay is equated to the right to a speedy trial." *State v. Jackson*, 228 Or 371, 377, 365 P2d 294 (1961).

brought to trial within a "reasonable time" is a question of law. *State v. Gehrke-Young*, 134 Or App 256, 259 and n 3, 894 P2d 1239, *rev den* 321 Or 340 (1995) (under Article I, section 10); *State v. Hacker*, 62 Or App 691, 696-97, 662 P2d 21 (1983) (under ORS 135.747).[3] We first address defendant's statutory claim. *State v. Thompson*, 294 Or 528, 531, 659 P2d 383 (1983); *State v. Ivory*, 278 Or 499, 503, 564 P2d 1039 (1977).

ORS 135.747 provides:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

■ The trial court here declined to dismiss the indictment under ORS 135.747, because the underlying statute of limitations had not expired, and the state could simply reindict defendant after dismissal. Defendant argues that the state's ability to reindict is irrelevant to whether defendant was "brought to trial within a reasonable period of time." We agree.

■■ In *State v. Emery*, 318 Or 460, 869 P2d 859 (1994), the Supreme Court distinguished the right to a speedy trial under ORS 135.747 from that under Article I, section 10. Unlike a constitutional claim, dismissal under ORS 135.747 does not require proof of prejudice. 318 Or at 470. "With that understanding, the dispositive inquiry becomes whether * * * [the] defendant either occasioned or acquiesced in" the delay and whether the length of time to bring the case to trial was "reasonable." *Id*. at 470-71.[4] In resolving those questions,

---

[3] In *Hacker*, 62 Or App at 696-97, we stated:

"Even if 'reasonableness' of time under the statute is a question of fact, that does not make it a 'historical fact' as described in *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968). An appellate court is not bound by a finding that defendant has or has not been brought to trial within a reasonable time, if that ultimate conclusion is not supported *as a matter of law* by the facts." (Emphasis supplied.)

[4] The court held that the defendant's on-going plea negotiations neither caused the delay nor amounted to acquiescence and that the nearly two-year lag was not reasonable because a simple misdemeanor citation had sat for two years "without any action to bring the case to trial by either the prosecutor or the courts." 318 Or at 470-71.

the court in *Emery* did not consider the state's ability to refile charges after dismissal. That issue came into play only *after* the court found a violation of ORS 135.747.[5] *Id.* at 471.

Furthermore, if delay is "reasonable" simply because the state is not time-barred from reindicting, as the trial court ruled here, then ORS 135.747 is no different from a statute of limitations. We decline, however, to construe the speedy trial statute as superfluous. Moreover, statutory time limits and ORS 135.747 serve different purposes. The statute of limitations is intended, in part, "to allow the accused to prepare evidence and to *minimize the prejudice* produced by the passage of time." *State v. Barnes*, 66 Or App 896, 898-99, 676 P2d 344 (1984) (emphasis supplied). Preventing prejudice, however, is not the purpose of ORS 135.747. *Emery*, 318 Or at 470.

> "Taken as a whole, the statutory speedy trial scheme provides a method for dismissing cases that are languishing in the criminal justice system without affecting the state's ability to reprosecute serious charges. ORS 135.745, 135.747, and 135.753(2) provide a 'housecleaning' mechanism triggered by the length of time that a particular case has been in the system, *rather than by the effect of the delay on a particular defendant.*" *Id.* at 467 (emphasis supplied).

According to *Barnes*, the statute of limitations is designed to protect a defendant's interest. Under *Emery*, ORS 135.747 is intended to serve the courts' interest in judicial efficiency by disposing of cases that have not been brought to trial "within a reasonable period of time."[6]

---

[5] The court noted that dismissal for a violation of ORS 135.747 is *without prejudice*, typically allowing the state to refile charges, while dismissal under Article I, section 10, is *with prejudice*, barring reprosecution. 318 Or at 471. For that reason, the court reached defendant's speedy trial claim under Article I, section 10, because "only dismissal *with* prejudice adequately would remedy [a] constitutional violation." *Id.* at 471 (emphasis supplied).

[6] The state contends that dismissing the case when the state could simply re-indict thwarts the "housecleaning" purpose of ORS 135.747 because that would "delay prosecution of the case even more." The state makes too many assumptions. Although this case went to trial the day of defendant's motion, and the jury reached a verdict the following day, there is no guarantee the typical criminal case would be resolved as rapidly. Furthermore, there is no assurance the state here would have refiled the charge upon dismissal, nor that another grand jury would have reindicted. Therefore, we do not agree that dismissal necessarily would have further delayed prosecution. Moreover, the issue is not whether the case *could* be resolved swiftly if not dismissed, nor whether the state *could* reindict upon dismissal. The only issue is whether the case has been neglected for an unreasonable period of

■■ ■■ The trial court therefore erred in focusing on the state's ability to reindict. Under our reading of *Emery*, the proper inquiry is limited to whether defendant caused or consented to the delay and, if not, whether the lapse of time between indictment and trial was "reasonable." In this case, there is no contention that defendant evaded arrest, concealed himself, or otherwise contributed to the delay during the three years between indictment and trial. The record indicates that he resided in Multnomah County the entire time. As in *Emery*, "the delay was attributable to the state." 318 Or at 470. We therefore cannot say that defendant caused or consented to the delay. We also conclude that he was not brought to trial "within a reasonable period of time." In *Emery*, the court found the delay unreasonable because "a simple misdemeanor citation * * * was sitting [for two years] without any action to bring the case to trial by either the prosecutor or the courts." *Id.* at 471. This case involved a more serious felony charge of sexually abusing a child, which sat without attention for a longer period of time. Moreover, the state offered no reason why the police waited approximately two years and nine months to serve the arrest warrant.

■■ Accordingly, we conclude that defendant was denied his right to a speedy trial under ORS 135.747, and the trial court erred in refusing to dismiss the indictment on that basis. However, violation of ORS 135.747 warrants only dismissal *without* prejudice, and the state is free to reindict defendant, provided the applicable statute of limitations has not expired.[7] *Emery*, 318 Or at 471. We must therefore analyze defendant's claim under Article I, section 10, the violation of which requires dismissal *with* prejudice. *Id.* at 471,

---

time. According to *Emery*, the state's ability to reindict does not affect that determination, and we are bound by the Supreme Court's analysis in *Emery*.

[7] ORS 131.125 provides, in part:

"(2) A prosecution for any of the following felonies may be commenced within six years after the commission of the crime or, if the victim at the time of the crime was under 18 years of age, anytime before the victim attains 24 years of age or within six years after the offense is reported to a law enforcement agency or other governmental agency, whichever occurs first:

"* * * * *

"(k) Sexual abuse in the first degree under ORS 163.427."

We express no opinion whether the statute of limitations has expired in this case. That question is not before us. *Emery*, 318 Or at 471 n 18.

citing *Ivory*, 278 Or at 503 (resort to ORS 135.747 does not adequately resolve constitutional speedy trial claim).

■ Article I, section 10, of the Oregon Constitution provides, in part, that "[n]o court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay[.]" The guarantee of "a trial without delay" means a "right to a speedy trial." *State v. Jackson*, 228 Or 371, 377, 365 P2d 294 (1961). The Oregon Supreme Court has equated Article I, section 10, with the right to a speedy trial under the Sixth Amendment to the United States Constitution.[8] *Ivory*, 278 Or at 504. However, unlike its federal counterpart, the Oregon Constitution does not require defendant to have asserted that right below. *Haynes v. Burke*, 290 Or 75, 80, 619 P2d 632 (1980); *State v. Vawter*, 236 Or 85, 87, 386 P2d 915 (1963).

■ In determining whether defendant was denied the right to a speedy trial under Article I, section 10, we consider (1) the length of the delay, (2) the reasons for the delay, and (3) the resulting prejudice to the accused. *Emery*, 318 Or at 472, citing *State v. Mende*, 304 Or 18, 21, 741 P2d 496 (1987). "If the time taken to bring an accused to trial is substantially greater than the average, inquiry into the remaining two factors is triggered." 304 Or at 23-24. The state concedes that the delay here—three years between indictment and trial— "is sufficient to trigger examination of the other factors." However, when the time lag is so "manifestly excessive and unreasonable," then the delay itself requires dismissal and prejudice is presumed. *Id.* at 24, citing *Ivory*, 278 Or at 505-06, and *Vawter*, 236 Or at 96.

> "Delay in and of itself may be sufficient to establish violation of the constitutional guarantee [of a speedy trial], as, for example, the passing of such a period of time that the thought of ordering the defendant to trial 'shocks the imagination and the conscience.' " *Vawter*, 236 Or at 96.

---

[8] The Sixth Amendment provides, in part:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.]"

██ ██ Defendant asserts that the delay was "manifestly excessive and unreasonable" because he was tried more than seven years after the commission of the crime. In addition to the three years from indictment to trial, he urges us to consider the four-year period between the offense itself and the time it was reported to police. Defendant misconstrues the pertinent time frame. The right to a speedy trial under Article I, section 10, "is directed to unreasonable delay *after a charge has been formally made." State v. Dike*, 91 Or App 542, 544, 756 P2d 657, *rev den* 306 Or 660 (1988), citing *State v. Serrel*, 265 Or 216, 218, 507 P2d 1405 (1973) (emphasis supplied). Preindictment delay is governed by the statute of limitations underlying the particular offense. *Dike*, 91 Or App at 544. In determining whether the delay here was "manifestly excessive and unreasonable," we consider only the three-year period between indictment and trial.

In *State v. Coggin*, 126 Or App 230, 868 P2d 29 (1994), we held that a 27-and-one-half month delay from indictment to arraignment was "not so manifestly excessive and unreasonable that it shocks the imagination and conscience." 126 Or App at 234. In *State v. Chinn*, 115 Or App 662, 840 P2d 92 (1992), we reached the same conclusion regarding a 32-month delay between indictment and arrest. 115 Or App at 666.[9] Here, the length of time from indictment to defendant's arrest and arraignment was approximately 33 months, and from indictment to trial, 36 months. Although we find the delay "unreasonable" under ORS 135.747, it is not so "manifestly excessive and unreasonable" that it "shocks the conscience" under Article I, section 10. We conclude that defendant did not suffer "presumptive prejudice," and therefore examine the reason for the delay and whether defendant established "actual prejudice."

The unexplained failure to serve the arrest warrant caused much of the delay here (two years, nine months). Although the state bears responsibility for that, defendant does not characterize the delay as intentional. *See Mende*, 304 Or at 25; *State v. Dykast*, 300 Or 368, 377, 712 P2d 79

---

[9] Although *Chinn* addressed the execution of a warrant under ORS 131.135, the "unreasonable delay" test there is the same as the speedy trial analysis under Article I, section 10. *Chinn*, 115 Or App at 665, citing *Jackson*, 228 Or at 377.

(1985) (intentional delay weighs heavier against the state than "inadvertent or negligent conduct"); *Ivory*, 278 Or at 506 (if delay intended to hamper defense, showing of prejudice unnecessary). Defendant concedes that the time lag is attributable to "negligence by the state." Although that weighs against the state, in the absence of intentional misconduct it does not weigh heavily. *State v. Wirth*, 114 Or App 496, 499, 835 P2d 952 (1992). Accordingly, the analysis turns on whether defendant was prejudiced by the delay. *Emery*, 318 Or at 473.

■■ Defendant has the burden of establishing "some reasonable possibility of prejudice." *Ivory*, 278 Or at 508; *Emery*, 318 Or at 474 (it is "defendant's burden to prove prejudice"). There are three possible types of prejudice under a speedy trial claim: (1) excessive pretrial detention, (2) anxiety and concern of the defendant, and (3) impairment of the defense. *Emery*, 318 Or at 473; *Dykast*, 300 Or at 378.

■ Defendant was not incarcerated during the delay. Instead, he claims to have suffered "a substantial amount of anxiety" because "he had to reconstruct events that took place more than seven years prior to trial." That is not the type of "anxiety and concern" addressed by Article I, section 10. Anxiety is prejudicial in the constitutional sense when the defendant is aware of the charges and, as a result, is forced to endure the uncertainty and stigma of "unresolved public accusation" for an unreasonable period of time. *Emery*, 318 Or at 473; *Hacker*, 62 Or App at 696; *State v. Burns*, 43 Or App 937, 941, 607 P2d 735 (1979); *see also Barker v. Wingo*, 407 US 514, 534, 92 S Ct 2182, 33 L Ed 2d 101 (1972). Defendant concedes here that he was unaware of the indictment during the two years and nine months before his arrest. When he finally learned of the charge, he was brought to trial in three-and-one-half months. We conclude that any anxiety defendant may have suffered was not prejudicial under Article I, section 10.

Defendant also claims the third type of prejudice—impairment of defense—because "a defense witness had moved out of the state and could not be located." In *Ivory*, the

Supreme Court held that a defendant establishes a reasonable possibility of prejudice by identifying "potentially favorable witnesses who could not be found due to a delayed trial." 278 Or at 508.[10] Defendant here claims that he has lost contact with his brother, who observed defendant's "demeanor the morning after the alleged abuse and could testify that defendant appeared normal; not under the influence of drugs which might impair defendant's memory of the preceding night."

 █    Even assuming his brother is a "potentially favorable witness," defendant has not established the loss of this witness "due to [the] delayed trial." It is unclear from the record whether defendant lost contact with his brother during the roughly four-year period before the crime was reported, or during the three-year period between indictment and trial. As discussed above, Article I, section 10, only addresses delay "after a charge has been formally made." *Dike*, 91 Or App at 544. If defendant's brother disappeared before the indictment, then any resulting prejudice was not "due to" the delay between indictment and trial. Because we cannot determine when the brother disappeared, defendant has failed to carry his burden of proving prejudice.[11] We conclude that defendant was not deprived of his right to a speedy trial under Article I, section 10, and is not entitled to a dismissal with prejudice.[12]

 Judgment of conviction reversed and remanded for entry of judgment dismissing charge against defendant without prejudice pursuant to ORS 135.747.

---

[10] In *Ivory*, a defendant secretly indicted for the illegal sale of narcotics was not arrested until ten-and-one-half months after the indictment. 278 Or at 501. The defendant established to the Supreme Court's satisfaction that witnesses vital to his entrapment defense had disappeared a few months after the indictment, but before his arrest and subsequent trial. *Id.* at 502, 508.

[11] We note also that defendant offered no *evidence* of prejudice below, but relied solely on the assertions and arguments of counsel. However, an attorney's arguments are not evidence. *Emery*, 318 Or 474 n 22; *Coggin*, 126 Or App at 234 n 5.

[12] Because we reverse defendant's conviction, we do not reach his assignment of error relating to a witness' alleged comment on the victim's credibility.