Argued and submitted August 28, sentences vacated and remanded for
resentencing; otherwise affirmed October 11, 2000

# STATE OF OREGON,
*Respondent,*

*v.*

# JACOB IRISON MCNEIL,
*Appellant.*

# (98CR0429; CA A104176)

12 P3d 992

Monica L. Finch, Deputy Public Defender, argued the cause for appellant. With her on the briefs was David E. Groom, State Public Defender.

Laura S. Anderson, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Judge, and Warren, Senior Judge.

BREWER, J.

**BREWER, J.**

Defendant appeals from a judgment imposing consecutive sentences on his convictions for burglary in the first degree, ORS 164.225, and assault in the third degree, ORS 163.165. He assigns error to the trial court's use of criminal history score "E" rather than "I" in sentencing him on the assault conviction. We review for errors of law, ORS 138.222(4), and vacate the sentence and remand to the trial court.

The indictment charged that defendant committed burglary in the first degree by entering an occupied dwelling with the intent to commit assault against Tim Royse inside the dwelling. The indictment also alleged that defendant committed third-degree assault by striking Royse. Defendant pleaded no contest to both counts.[1] The sentencing court relied on ORS 137.123[2] in imposing consecutive sentences of 25 months' imprisonment on the burglary conviction and 10 months' imprisonment for the assault. The burglary was the primary offense of conviction. OAR 213-003-0001(17). The court sentenced defendant under category 8-E of the sentencing guidelines for the burglary and applied category 6-E for the consecutively imposed assault sentence.

On appeal, defendant does not challenge the imposition of consecutive sentences. Instead, he assigns error to the trial court's failure to follow OAR 213-012-0020(2)(a),[3]

---

[1] The indictment also charged defendant with three other offenses, but those charges were dismissed.

[2] ORS 137.123 provides, in part:

"(5) The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"* * * * *

"(b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury, or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course or conduct."

[3] OAR 213-012-0020 provides, in part:

"(2)(a) Subject to the provisions of subsection (b) of this section, the presumptive incarceration term of the consecutive sentences is the sum of:

the "shift-to-I" rule, in imposing a consecutive sentence on the assault conviction. Defendant notes that, had he been sentenced under category 6-I, the maximum consecutive sentence permissible under the guidelines would have been a 90-day jail sentence imposed as part of a probationary sentence. The state responds that the victim of the burglary—the owner of the residence that defendant entered—was not Royse, the assault victim. The state contends that the trial court was not required to reduce the assault conviction to category 6-I because OAR 213-012-0020(5) provides that the shift-to-I rule does not "apply to consecutive sentences imposed for crimes that have different victims." Defendant replies that the sentencing record was insufficient to support a determination that, "defendant's crimes of conviction have multiple victims."[4]

At sentencing, defendant urged the court not to impose consecutive sentences but asserted that if the court did so, the assault sentence must be determined under the shift-to-I rule. The state rejoined that the shift-to-I rule applies only when the combined period of incarceration for the consecutive sentences would exceed 200 percent of the presumptive prison term for the primary offense. The state does not renew that argument on appeal. Instead, it relies exclusively on OAR 213-012-0020(5). Although the state did not specifically refer to that rule at sentencing, it did argue that the court could impose consecutive sentences under ORS 137.123(5)(b) because, among other reasons, defendant's convictions involved different victims.

Defendant concedes that this court will affirm a trial court ruling on appeal "even if the trial court's legal reasoning for the ruling was erroneous, if another legally correct

---

"(A) the presumptive incarceration term or the prison term defined in OAR 213-008-0005(1) imposed pursuant to a dispositional departure for the primary offense, as defined in OAR 213-003-0001(17); and

"(B) up to the maximum incarceration term indicated in the Criminal History I Column for each additional offense imposed consecutively."

[4] Defendant also argues that Senate Bill 936 (1997), the statute from which OAR 213-012-0020(5) derived, is unconstitutional and, therefore, the rule is also unconstitutional. Defendant's arguments were rejected in *State v. Fugate*, 154 Or App 643, 963 P2d 686 (1998), *rev allowed* 328 Or 275 (1999), and we do not reconsider them here.

reason and, to the extent necessary, the record developed in the trial court support the ruling." *State v. Rogers*, 330 Or 282, 295, 4 P3d 1261 (2000). Defendant asserts, however, that the state offered no evidence that there were multiple victims. Thus, the questions on appeal are whether the evidence was sufficient to support the application of OAR 213-012-0020(5) and, if so, whether the case should be remanded for resentencing based on the correct legal standard.

The record at the sentencing hearing contains conflicting statements on that issue. At the beginning of the hearing, after being questioned by the court, defense counsel confirmed that both offenses involved a single victim. Later in the same proceeding, the prosecutor stated that "there are multiple victims in that Janeice Murphy was the owner of the residence and Mr. Royse was staying with her." The parties did not provide the court with any other information concerning the identity of the burglary victim.

Defendant asserts that an attorney's arguments are not evidence and, thus, there was no evidence to support a finding that he committed crimes against different victims. He relies on *State v. Green*, 140 Or App 308, 317 n 11, 915 P2d 460 (1996). In *Green*, an issue on appeal was whether the defendant's speedy trial rights were prejudiced by a delay in bringing him to trial. We concluded that the defendant was not entitled to dismissal of the charge against him because his attorney's assertion in a trial court hearing that he had been prejudiced by the delay was not evidence. *Id.* at 317. Although the rule stated in *Green* is generally applicable in criminal hearings, it is qualified in sentencing proceedings.

■■ OEC 101(4)(d) provides that the rules of evidence do not apply to "[s]entencing proceedings, except proceedings under ORS * * * 163.150 [aggravated murder proceedings] or as required by ORS 137.090." ORS 137.090 provides, in part:

"(1) In determining aggravation or mitigation, the court shall consider:

"(a) Any evidence received during the proceeding;

"(b) The presentence report, where one is available; and

"(c)    *Any other evidence relevant to aggravation or mitigation that the court finds trustworthy and reliable.*" (Emphasis added.)

In determining whether to impose a particular sentence, the sentencing court may, pursuant to ORS 137.090, consider any relevant evidence that it finds to be trustworthy and reliable, including representations of counsel. *State v. Balkin,* 134 Or App 240, 242, 895 P2d 311, *rev den* 321 Or 397 (1995) (sentencing court may rely on prosecutor's statements at sentencing if it finds them to be reliable). In any event, defendant did not object to the prosecutor's representation that his crimes involved different victims. In fact, defendant's attorney had previously made a contradictory unsworn representation to the court—to which the prosecutor did not object— concerning the same subject. The record developed at sentencing thus supported either a finding that there was a single victim of both offenses or, alternatively, that each involved a different victim. Because the statements were conflicting, the court was not required to make either finding. *See State v. Waage,* 160 Or App 156, 165, 981 P2d 333 (1999) (sentencing court may, but is not required to, give weight to statements by attorney at sentencing). The question remains whether the court actually determined whether each crime involved a different victim.

The sentencing court did not explain its rationale for declining to apply the shift-to-I rule. However, in imposing consecutive sentences under ORS 137.123(5)(b), the court found that "there was in fact different harm to the victims, or potential additional harm not addressed, or not the same in the burglary and assault." The court did not specifically rely on the provision of ORS 137.123(5)(b) that authorizes a consecutive sentence for an offense that "caused or created a risk of causing loss, injury, or harm to a different victim than was caused or threatened by the other offense * * *." Instead, the court appears to have relied on the alternative provision of ORS 137.123(5)(b) that permits consecutive sentences where "[t]he criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim * * *."

■     The court's use of the plural when referring to "victims" indicates that it *may* have believed that the victim of the burglary and the victim of the assault were, indeed, different people. However, such a finding was not necessary to support the court's apparent rationale for imposing consecutive sentences. Therefore, we cannot assume that the court so found. *See State v. Jackson*, 296 Or 430, 440, 677 P2d 21 (1984) (rule that when trial court does not make express findings we must presume that conflicts in evidence were resolved by findings consistent with court's ultimate conclusion is inapplicable where court never made any conclusions about disputed issue).

■     Because the court did not resolve the dispositive conflict in the evidence, we cannot determine whether its decision not to apply the shift-to-I rule was correct. Accordingly, we vacate defendant's sentences on both convictions and remand for further findings by the trial court as to whether defendant's offenses of conviction involved different victims. *See* ORS 138.222(5); *see generally State v. Edson*, 329 Or 127, 139, 985 P2d 1253 (1999) (ORS 138.222(5) requires remand for resentencing when there remain possible grounds for imposing restitution despite sentencing court's failure to apply correct legal standard); *see State v. Bergeson*, 138 Or App 321, 326-27, 908 P2d 835 (1995), *rev den* 323 Or 690 (1996) (case remanded for resentencing where trial court had not made appropriate findings under correct legal standard).

    Sentences vacated and remanded for resentencing; otherwise affirmed.