Argued and submitted June 17, reversed and remanded November 10, 2004

# STATE OF OREGON,
*Appellant,*

*v.*

# WILLIAM WALTER ENDRES,
*Respondent.*

CR0201117; A120479

100 P3d 784

Paul L. Smith, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Laurie Bender argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Deits, Judge pro tempore.

WOLLHEIM, J.

**WOLLHEIM, J.**

The state appeals an order dismissing the indictment against defendant based on preindictment delay. ORS 138.060(1)(a). We review for errors of law, *State v. Hilton*, 187 Or App 666, 672, 69 P3d 779 (2003), *rev den*, 336 Or 377 (2004), and reverse.

On November 22, 2000, Deputy Davis arrested defendant on outstanding warrants for drug offenses in Multnomah County. During the arrest, defendant produced an Oregon driver's license with his picture but with a different name. During questioning, defendant expressed a willingness to cooperate with authorities. Defendant admitted that he obtained the false identification by paying $300 to a Driver and Motor Vehicle Services employee in Washington County and he claimed that he had valuable information pertaining to drug dealers. Defendant was not arrested or charged regarding the use of the false identification.

On February 23, 2001, defendant pleaded guilty to the drug charges in Multnomah County. The trial court postponed sentencing until February 24, 2003, giving defendant an opportunity to receive a sentence of probation if he "had not gotten into any trouble" for two years.

In April 2001, defendant, the Multnomah County District Attorney, and Davis were negotiating a cooperation agreement whereby defendant would assist Clackamas County with three drug investigations in exchange for a probationary sentence on the Multnomah County drug charges and the sheriff's department not referring the false identification matter for prosecution. Negotiations were unsuccessful.

In November 2001, the sheriff's department referred the false identification matter to the Clackamas County District Attorney, who forwarded the case to the Washington County District Attorney's office, believing the case to be within Washington County's jurisdiction because the false identification had been obtained there. The Washington County District Attorney disagreed, asserting that Clackamas County had jurisdiction because the incident had taken place in Clackamas County. Defendant was eventually indicted in

Clackamas County on May 28, 2002, 18 months after the incident, for identity theft, ORS 165.800, and using an invalid license, ORS 807.580. A warrant was issued and defendant was arrested in June 2002.

Defendant filed a motion to dismiss the indictment based on preindictment delay, arguing that his rights to a speedy trial under Article I, section 10, of the Oregon Constitution and the Sixth Amendment to the United States Constitution were violated and that the delay deprived him of due process under the Fifth and Fourteenth Amendments to the United States Constitution. The trial court granted defendant's motion and dismissed the indictment.

The state appeals, assigning error to the trial court's dismissal of the indictment. The parties disagree concerning whether the speedy trial guarantees of Article I, section 10, of the Oregon Constitution and the Sixth Amendment to the United States Constitution apply to preindictment delay and also disagree over whether defendant was denied due process due to the preindictment delay.

■  We begin by addressing whether the preindictment delay here implicated defendant's rights to a speedy trial under the Oregon Constitution.[1] *See State v. Kennedy*, 295 Or 260, 262, 666 P2d 1316 (1983) ("[A]ll questions of state law [should] be considered and disposed of before reaching a claim that this state's law falls short of a standard imposed by the federal constitution[.]"). Article I, section 10, of the Oregon Constitution provides that "justice shall be administered * * * without delay." In *State v. Vasquez*, 336 Or 598, 88 P3d 271 (2004), the Oregon Supreme Court discussed when a defendant's speedy trial rights attach under the Oregon Constitution. The court recognized two situations in which a defendant's speedy trial rights are implicated: "(1) [W]hen a defendant has been arrested on a charge and is being held in jail pending trial on the charge; or (2) when a defendant, although not incarcerated on that charge, faces trial for it." *Id.* at 604. The court discussed only the second situation and held that a defendant's speedy trial rights attach only after a

---

[1] Defendant does not argue that his statutory speedy trial rights under ORS 135.747 were violated. Accordingly, we do not consider his speedy trial rights under that statute.

prosecution actually commences. *Id.* at 609-10. The court then examined Article VII (Amended), section 5, of the Oregon Constitution to determine when a prosecution actually commences.[2] The court held that a defendant's right to a speedy trial begins with the indictment because an indictment is necessary to commence a criminal prosecution. *Vasquez*, 336 Or at 610-11.

Based on *Vasquez*, defendant's speedy trial rights under the Oregon Constitution did not begin to run until he was indicted. However, defendant contends that his November 2000 arrest for the outstanding drug charges should be the trigger for his speedy trial rights. If defendant had been arrested for charges relating to the false identification and was being held pending those charges, his speedy trial rights would be implicated under the first situation recognized in *Vasquez*. But that is not the case here. Before the indictment, defendant was never in custody for the charges relating to the false identification. To the contrary, an arrest warrant for those charges did not issue until May 2002, after defendant had already been indicted. Defendant's initial arrest in November 2000 was only for the outstanding Multnomah County drug offenses; Clackamas County did not arrest defendant on the false identification charges. Therefore, the trial court erred in granting the motion to dismiss to the extent that that dismissal was based on the Oregon Constitution.[3] *See Hilton*, 187 Or App at 673.

■■ We next consider whether the preindictment delay implicated defendant's speedy trial rights under the United

---

[2] Article VII (Amended), section 5, of the Oregon Constitution provides, in part:

"(3) Except as provided in subsections (4) and (5) of this section, a person shall be charged in a circuit court with the commission of any crime punishable as a felony only on indictment by a grand jury.

"(4) The district attorney may charge a person on an information filed in circuit court of a crime punishable as a felony if the person appears before the judge of the circuit court and knowingly waives indictment.

"(5) The district attorney may charge a person on an information filed in circuit court if, after a preliminary hearing before a magistrate, the person has been held to answer upon a showing of probable cause that a crime punishable as a felony has been committed and that the person has committed it, or if the person knowingly waives preliminary hearing."

[3] The trial court's order does not state the grounds for dismissing the indictment.

States Constitution. The Sixth Amendment to the United States Constitution, provides, in part, that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *." The United States Supreme Court has held that the Sixth Amendment right to a speedy trial attaches when there is "a formal indictment or information" or there are *actual restraints imposed by arrest and holding* to answer a criminal charge." *United States v. Marion*, 404 US 307, 320, 92 S Ct 455, 30 L Ed 2d 468 (1971) (emphasis added); *see also Dillingham v. United States*, 423 US 64, 96 S Ct 303, 46 L Ed 2d 205 (1975) (a defendant becomes "accused" of a crime when arrested preindictment, thus triggering his or her speedy trial rights). Thus, under the United States Constitution, a defendant "need not await indictment, information, or other formal charge" in order to assert his or her right to a speedy trial. *Marion*, 404 US at 321.

Because defendant was not arrested for the charges relating to the false identification until after his indictment, his speedy trial claims under the United States Constitution fail for the same reasons they fail under the Oregon Constitution. *See, e.g., Dillingham*, 423 US at 65 (speedy trial rights were triggered preindictment when defendant had been arrested pursuant to a warrant and released); *United States v. MacDonald*, 456 US 1, 9, 102 S Ct 1497, 71 L Ed 2d 696 (1982) (speedy trial rights not implicated preindictment because defendant was not in any way restrained of his liberty); *United States v. Loudhawk*, 474 US 302, 311, 106 S Ct 648, 88 L Ed 2d 640 (1986) (speedy trial rights not implicated when a defendant is not in custody pending charges, out on bail, or indicted).

Lastly, we consider whether the preindictment delay implicated defendant's due process rights. A defendant's primary protection against preindictment delay are statutes of limitations. *United States v. Lovasco*, 431 US 783, 789, 97 S Ct 2044, 52 L Ed 2d 752 (1977); *State v. Dike*, 91 Or App 542, 544, 756 P2d 657, *rev den*, 306 Or 660 (1988). The statute of limitations for identity theft, ORS 165.800, and using an invalid license, ORS 807.580, are, respectively, three years and two years. ORS 131.125(6)(a), (b). Because the indictment was filed only 18 months after defendant was

stopped, the indictment did not violate either statute of limitations. However, defendant contends that his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution were violated by the delay.[4] Due process plays a "limited role" in protecting a defendant against preindictment delay. *Lovasco*, 431 US at 789. In order to establish a due process violation for preindictment delay, a defendant must show both that his or her right to a fair trial was substantially prejudiced by the delay and that the delay was intentional to gain a tactical advantage. *Marion*, 404 US at 324; *Dike*, 91 Or App at 544.

■     Defendant failed to produce any evidence showing how his right to a fair trial was prejudiced by the delay. Defendant argues that the delay in bringing the indictment caused him and his family substantial anxiety that resulted in prejudice to his right to a fair trial. However, even though anxiety is a prejudicial factor under speedy trial analysis, it is not a factor under due process analysis, where the prejudice must be to a fair trial, not the stigma of public accusation. *See Lovasco*, 431 US at 789-90 (analyzing whether the death of a witness prejudiced defendant's right to a fair trial); *State v. Green*, 140 Or App 308, 316, 915 P2d 460 (1996) (anxiety not prejudicial under speedy trial analysis when defendant had no knowledge of the indictment before arrest and, thus, no anxiety over "unresolved public accusation"); *Dike*, 91 Or App at 544-45 (analyzing whether loss of witnesses and evidence prejudiced defendant's right to a fair trial).

In addition, defendant failed to prove that the delay was deliberate in order to gain a tactical advantage at trial. Defendant argues here that the sheriff's department's use of the charges in trying to negotiate a cooperation agreement satisfies the due process test. However, defendant fails to establish how the negotiations would have provided the state with a tactical advantage at trial.

---

[4] The Fifth Amendment to the United States Constitution provides, in part, that "[n]o person shall be * * * deprived of life, liberty, or property without due process of law[.]" The Due Process Clause of the Fourteenth Amendment provides, in part, that "[n]o State shall * * * deprive any person of life, liberty, and property, without due process of law[.]"

We hold that defendant was not denied his rights to a speedy trial under either the state or federal constitution. Nor were defendant's due process rights violated under the federal constitution. Therefore, the trial court erred in granting defendant's motion to dismiss based on the preindictment delay.

Reversed and remanded.