Argued and submitted August 18, reversed and remanded November 23, 2011

## Konstantin Y. SVIDENKO,
*Petitioner,*

*v.*

## DRIVER AND MOTOR VEHICLE SERVICES DIVISION (DMV),
a division of the Department of Transportation,
*Respondent.*

Driver and Motor Vehicle Services Division
201002471; A146173

267 P3d 200

Lance R. Clark argued the cause and filed the brief for petitioner.

Michael R. Washington, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Schuman, Presiding Judge, and Brewer, Chief Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

**SCHUMAN, P. J.**

Petitioner filed an untimely request for a hearing with the Oregon Driver and Motor Vehicles Services Division (DMV) to contest the suspension of his driving privileges. DMV denied the request and petitioner seeks judicial review. As he did before DMV, he argues that his untimeliness resulted from "just cause" as defined by DMV rules and that therefore DMV erred in denying his request. ORS 813.440(1)(g). Further, he contends that DMV's order lacked "substantial reason," that is, it did not articulate a rational connection between the facts of his case and the legal conclusion. Because we agree with petitioner that DMV's order is not supported by substantial reason, we remand for further consideration.

We take the facts from DMV's findings, which petitioner does not challenge, supplemented by undisputed facts in the record. Petitioner, whose primary language is Russian, was arrested on October 28, 2008, for driving under the influence of intoxicants (DUII). ORS 813.010. He refused to submit to a breath test, thereby exposing himself to the possibility of both criminal and civil administrative sanctions. ORS 813.010(3) (criminal); ORS 813.410 (civil). Following the arrest, DMV provided petitioner with a copy of the Implied Consent Combined Report and Notice of Intent to Suspend, which advised petitioner that his driving privileges would be administratively suspended effective the thirtieth day following the arrest. The notice also contained information regarding the opportunity for a hearing, and it specifically advised petitioner that, if he wanted to take advantage of that opportunity, a written hearing request had to be received by DMV Hearings Case Management Unit "by 5 p.m. on the tenth day following this arrest[.]" The information was presented only in English.

On the criminal side, petitioner was charged in Multnomah County Circuit Court with misdemeanor DUII, reckless driving, and refusal to take a breath test. He filed a motion to suppress all evidence discovered pursuant to his stop and arrest. The court granted the motion; the record in

this case does not reveal the court's rationale. The misdemeanor DUII and reckless driving charges were subsequently dismissed on May 20, 2009. The citation for refusal to take a breath test, however, was not dismissed until March 10, 2010, apparently due to an error in the Oregon Judicial Information Network (OJIN) tracking system.

On May 25, 2010, long after the ordinary period for challenging DMV's administrative suspension of his license had ended, petitioner requested that DMV rescind the suspension or grant him a hearing to contest it. Under ORS 813.440(1)(g), DMV "may provide a [late] hearing to determine the validity of a suspension * * * only if the time requirements under ORS 813.410 could not be met because of * * * [o]ther just cause as defined by the department by administrative rule." OAR 735-090-0000(5)(a),[1] in turn, defines "other just cause" as used in ORS 813.440(1)[(g)][2] to mean "[c]ircumstances beyond the reasonable control of the petitioning party and beyond the ability of a reasonable person to foresee, which: (A) Prevented the petitioning party from filing a timely request for a hearing as set forth in ORS 813.410(3) * * *."

In his request, petitioner contended that "just cause" as defined by OAR 735-090-0000(5) warranted an untimely request for a hearing pursuant to ORS 813.440(1)(g) because petitioner's inability to understand written or spoken English made it difficult, if not impossible, for him to understand the warnings given to him by police at the time of his arrest and the notice of his right to request a hearing within 10 days of his arrest; he did not understand that his court-appointed attorney represented him in only criminal matters and not as to the administrative implied consent citation; and petitioner's citation for refusal of a breath test would have been dismissed for lack of evidence at the same time that the

---

[1] *Former* OAR 735-090-0000(4) (2007), *renumbered as* OAR 735-090-0000(5) (2011). Although the rule was renumbered in 2011, the relevant portions have not been amended. Throughout this opinion we refer to the current version of the Oregon Administrative Rules.

[2] Although OAR 735-090-0000 was amended and renumbered effective January 1, 2011, the text of OAR 735-090-0000(5) was not updated to reflect that former ORS 813.440(f) (2007) was renumbered as ORS 813.440(g), effective January 1, 2010.

DUII and reckless driving charges were dismissed had the citation not been lost in OJIN's tracking system. These circumstances, petitioner contended, were beyond his reasonable control and beyond the ability of a reasonable person to foresee.

DMV denied petitioner's untimely request for a hearing. It found the facts essentially as we have related them: Petitioner was arrested for DUII. He refused to take the breath test, and was provided with a notice informing him that, as a result of that refusal, his license would be suspended as of 30 days following his arrest. He was also informed that he had the right to a hearing and that he would lose that right if he did not request the hearing within 10 days. The department made no findings regarding petitioner's ability to speak or understand English, it did not mention the criminal proceeding or its outcome, and it did not mention that petitioner had previously been arrested for a DUII in 2007 and completed a diversion program in 2008.

The department reached the following legal conclusions:

"1.   Petitioner's request was not received within ten days of the date of the arrest, as provided for in ORS 813.410(3) and OAR 735-090-0020(2). Petitioner is therefore in default and not entitled to a hearing under ORS 813.410(3).

"2.   There has been no showing of just cause to allow the Department to grant Petitioner a hearing under ORS 813.440."

Regarding "just cause," the order stated, in total:

"Petitioner would be entitled to a hearing under ORS 813.440 if just cause for the late filing of the hearing request was established. The Department's definition of 'other just cause' includes 'circumstances beyond the reasonable control of the petitioning party and beyond the ability of a reasonable person to foresee,' which prevented the petitioning party from filing a timely hearing request. OAR 735-090-0000[(5)](a)(A). In this case, though, Petitioner has not established just cause."

Petitioner now seeks judicial review of DMV's order. ORS 183.482.[3] Petitioner argues that the facts—namely, that he did not understand English at the time of his arrest and all evidence of the traffic stop was subsequently suppressed in the criminal proceeding—constitute "other just cause" for DMV to grant a late hearing. Further, petitioner argues that DMV did not articulate a rational connection between its findings of fact and conclusion of law that there was "no showing of just cause to allow [DMV] to grant [p]etitioner a hearing under ORS 813.440." In response, DMV asserts that this court can infer that DMV concluded that just cause did not exist because nothing in the record suggests that it was beyond petitioner's control to request a timely hearing; rather, DMV argues, petitioner knew or should have known that he was required to request a hearing within ten days of his arrest because he had a previous DUII arrest and license suspension.

We review DMV's order for, among other things, substantial reason, that is, to determine whether the agency has "demonstrate[d] in [its] opinion[ ] the *reasoning* that leads the agency from the *facts* that it has found to the *conclusions* that it draws from those facts." *Drew v. PSRB*, 322 Or 491, 499-500, 909 P2d 1211 (1996) (emphasis in original). In *Drew*, the Supreme Court quoted *Williams v. SAIF*, 310 Or 320, 329, 797 P2d 1036 (1990) (Unis, J., specially concurring), for a summary of the reasons justifying this rule:

"There are practical reasons for the requirement expressed in ORS 183.470(2) that an administrative agency state its factual findings and articulate a rational connection between the facts it finds and the legal conclusions it draws from them. Such articulation facilitates meaningful judicial review; enables the court on judicial review to give

[3] ORS 183.480(4) provides, "Judicial review of orders issued pursuant to ORS 813.410 shall be as provided by ORS 813.410." That statute, in turn, provides that appeals from "a hearing held * * * under this section" are governed by ORS 813.450. That statute provides that the appeal from a hearing under ORS 813.410 is to the circuit court. Thus, if the DMV proceeding in this case was held pursuant to ORS 813.410, we would not have jurisdiction. We conclude that the hearing at issue in this case was *not* held under ORS 813.410; rather, it was a hearing to determine whether petitioner *could have a hearing* under ORS 813.410. That being so, jurisdiction is properly in this court as a petition for review of an order in a contested case. ORS 183.482.

an appropriate degree of credence to the agency interpretation; serves to assure proper application of the law in the individual case; prevents judicial usurpation of administrative functions; assures more careful administrative consideration, *i.e.*, protects against careless or arbitrary action; provides a source of guidance for agency personnel as well as for persons governed by the statute; helps develop and maintain the consistency in administration; facilitates the parties' planning, *i.e.*, helps parties plan their cases for rehearings and judicial review; and keeps agencies within their jurisdiction."

*Drew*, 322 Or at 500 (citations omitted; internal quotation marks omitted; footnote omitted). Here, DMV did not connect its findings of fact to its conclusion that petitioner failed to establish just cause for a late hearing request. The department's findings connect the facts to the conclusion that petitioner's hearing request was untimely under ORS 813.410(3). That conclusion, however, has never been contested. The contested issue is whether petitioner had just cause for filing an untimely request, and nothing in the DMV order addressed or even acknowledged any of petitioner's arguments regarding that issue. Indeed, the department's conclusion is more aptly described as an announcement. "It gives us nothing to judicially review." *Castro v. Board of Parole*, 232 Or App 75, 85, 220 P3d 772 (2009). Further, the department's attempt to supply an explanation on judicial review is unavailing; "[o]ur duty is to evaluate the board's logic, not to supply it." *Id.* at 85-86 (citing *Drew*, 322 Or at 499-500 (review for substantial reason is based on the order itself, not our independent review of the record)). We must therefore remand for further consideration.

Reversed and remanded.[4]

---

[4] From the record, it appears that petitioner's suspension is scheduled to have ended on October 28, 2011. However, the issue is not moot, because the outcome of this suspension could have consequences if petitioner is arrested for DUII in the future. *See* ORS 813.430(2)(a) (grounds for increased duration of suspension include suspension of license within preceding five years under implied consent law); ORS 813.130(2)(e) (eligibility for hardship permit limited).