Submitted July 19, 2012, reversed and remanded February 13, 2013

William Walter ENDRES,
*Petitioner,*

*v.*

DRIVER AND MOTOR VEHICLE
SERVICES DIVISION (DMV),
a division of the Department of Transportation,
*Respondent.*

Office of Administrative Hearings
155795, 155796;
A149447 (Control), A149675

297 P3d 505

Michael E. Rose filed the brief for petitioner.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Karla H. Ferrall, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

Petitioner seeks judicial review of final orders of the Department of Transportation, Driver and Motor Vehicle Services Division (DMV), that separately suspended petitioner's Oregon driver license and Oregon identification card for one year because petitioner knowingly gave false information when he applied for an Oregon driver license, permit or identification card. *See* ORS 807.530 (establishing false application for a license as a Class A misdemeanor); ORS 809.310(3) (authorizing DMV to suspend driving privileges if a person violates ORS 807.530); ORS 809.415(5) (providing one-year suspension for persons determined to have committed an offense listed in ORS 809.310). After DMV notified petitioner that it was going to suspend his driver license and identification card for one year, he requested an administrative hearing. At that hearing, the administrative law judge (ALJ) determined that petitioner submitted a false application in 1999 for a driver license and provided false information to DMV on several occasions in the ensuing years when he applied for license renewals, duplicate licenses, and instruction permits. Accordingly, the ALJ concluded that petitioner violated ORS 807.530(1)[1] and that DMV was authorized to suspend his license and identification card. We reverse and remand for further proceedings because substantial evidence does not support the ALJ's determination that petitioner repeatedly violated ORS 807.530 when he submitted applications for license renewals, duplicate licenses, and instruction permits between 2001 and 2010, and the ALJ relied upon that finding, at least in part, to conclude that DMV could suspend petitioner's license and identification card.

On judicial review, we review for errors of law and for whether the order is supported by substantial evidence in

---

[1] ORS 807.530(1) provides, in part:

"A person commits the offense of providing a false application for a license if the person applying for a license or driver permit or for renewal or replacement thereof under the vehicle code knowingly:

"(a) Uses or gives a false or fictitious name or identity;

"* * * * *

"(d) Makes a false statement;

"(e) Conceals a material fact[.]"

the record. ORS 183.482(8). Substantial evidence "exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). We also review for "substantial reason," that is, the order must articulate a rational connection between the facts of the case and the legal conclusion. *Svidenko v. DMV*, 246 Or App 673, 678, 267 P3d 200 (2011).

Although the ALJ entered separate final orders relating to DMV's suspension of petitioner's driver license and identification card, for purposes of our analysis, there is no substantive difference in the facts and law that underlie each order. Therefore, we do not differentiate between the two orders unless otherwise noted. We take the following facts from the ALJ's orders, as supplemented by undisputed facts in the record.

Petitioner applied for and received a driver license in July 1999 under a false name. Police confiscated that license in 2000 during petitioner's arrest for a drug offense. Petitioner was indicted in 2002 for using an invalid license, ORS 807.580, and was convicted of that offense in 2005 following a guilty plea. On several occasions between 2001 and 2010, petitioner used applications provided by DMV to request duplicate licenses and to apply for license renewals and motorcycle instruction permits under his real name. On those occasions he did not disclose that he had previously obtained a driver license under a false name. In January 2011, DMV discovered an Oregon Court of Appeals opinion, *State v. Endres*, 196 Or App 197, 100 P3d 784 (2004), that addressed petitioner's appeal related to the 2002 indictment. In that opinion, we noted that petitioner had admitted to obtaining false identification from DMV by paying $300 to a DMV employee. After becoming aware of *Endres*, DMV initiated an investigation, which led to DMV notifying petitioner in February 2011 that it was suspending his driving privileges and his identification card for providing false information in violation of ORS 807.530(1).

At a hearing requested by petitioner, the ALJ concluded that petitioner knowingly provided false information when applying for a driver license, permit, or identification card, and that DMV was authorized to suspend petitioner's

driving privileges or right to apply for privileges. The ALJ entered final orders directing DMV to suspend petitioner's license and his identification card for one year.

Petitioner seeks judicial review, arguing in his first two assignments of error that the 12 years between the time petitioner used false information to acquire a license and DMV's notification of suspension for that offense is "simply too long" and, therefore, DMV's action is barred by laches, estoppel, Article I, section 10, of the Oregon Constitution, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. DMV disagrees, asserting that its enforcement action also was based on petitioner's misrepresentations when applying for license renewals, duplicate licenses, and instruction permits in the ensuing years and, therefore, the gap between petitioner's violation of ORS 807.530 and its notice of suspension for that action was not 12 years. In short, DMV contends that, in addition to petitioner's false application in 1999, every time he applied under his real name to renew his license or for a duplicate license and neglected to disclose his prior false application, that conduct was a "repeated violation" of ORS 807.530.

In concluding that DMV was authorized to suspend petitioner's license and identification card, the ALJ relied on petitioner's false 1999 application and DMV's "repeated violation" rationale. The ALJ found that petitioner used a false name when applying for a driver license in 1999 and that "[p]etitioner did not advise that he previously applied for a driver license using the [false name]" when applying for duplicate and renewal driver licenses and instruction permits between January 2001 and June 2010. The ALJ's order explained:

> "Here, Petitioner gave false information to the Department on numerous occasions when he applied for an identification card, a driver license, and a renewal driver license. As a result, the Department is authorized to suspend his identification card as well as his right to apply for another card, for a year."

Accordingly, the ALJ ordered that DMV "shall suspend [p]etitioner's [license and] identification card *** for a period of one (1) year based on [p]etitioner failing to give

the required or correct information in the application for an Oregon driver license, permit, or identification card."

The problem with the "repeated violation" rationale as a basis for the suspension of petitioner's license and identification card is that the record lacks substantial evidence that petitioner provided false information in any of the instances in which he applied for renewal licenses, duplicate licenses, or instruction permits under his real name. The record contains several applications filled out by petitioner between 2001 and 2010. Those applications contain blank spaces to fill in information such as name, address, and other identifying information, as well as "check-the-box" questions regarding any vision, health, or substance abuse problems that might impair the applicant's driving ability. The DMV applications neither require nor suggest that petitioner must provide any more information than was requested on the applications. That is, there is nothing in any of the applications that required petitioner to disclose his 1999 false application, nor was there any place to do so on the application forms. As a result, there is no evidence that petitioner "gave false information to [DMV] on numerous occasions when he applied for an identification card, a driver license, and a renewal driver license." Accordingly, there is not substantial evidence to support the ALJ's determination that petitioner provided false information in those applications by failing to disclose his 1999 false application. Because the ALJ's factual finding of "repeated violations" is not supported by substantial evidence and the ALJ relied, at least in part, on that finding to conclude that DMV was authorized to suspend petitioner's license and identification card, we must reverse and remand for the ALJ to reconsider the suspension of petitioner's license and identification card.

We also note that petitioner contends, in his third and fourth assignments of error, that the ALJ failed to address whether there was "good cause" for DMV to impose a suspension in this case. ORS 809.440(1)(d) (2009), *amended by*, Or Laws 2011, ch 355, § 16, provides that, in a hearing held on a proposed license suspension or revocation, DMV, "good cause appearing therefore, may impose, continue,

modify or extend the suspension or revocation of the driving privileges." The ALJ did not address the evidence in that regard, and, on remand, will have the opportunity to address, as appropriate, the arguments that petitioner presented at the hearing regarding "good cause."

Reversed and remanded.