Submitted July 2, affirmed September 15, petition for review denied December 23, 2021 (369 Or 110)

Kofi Adomako Ohene KYEI,
*Petitioner,*

*v.*

DIVISION OF CHILD SUPPORT,
*Respondent.*

Office of Administrative Hearings
2019CSP25531; A172588

499 P3d 137

Petitioner seeks judicial review of the final order of an administrative law judge (ALJ) affirming petitioner's driver's license suspensions as a result of his child support arrearage. Primarily, he argues that a 2013 order related to prior license suspensions precluded both a subsequent enforcement judgment for child support, a matter which is subject to another appeal (A169234), and the license suspension at issue in this appeal. That subsequent enforcement judgment has not been stayed and determined the 2013 order did not preclude subsequent enforcement. *Held*: The ALJ did not err in determining that petitioner remained subject to the relevant enforcement judgment and that his child support arrearage exceeded three months of support or $2,500. Accordingly, the ALJ did not lack substantial evidence or reason in reaching her conclusions leading to the suspension of petitioner's license. The Court of Appeals rejected petitioner's remaining points of error without discussion.

Affirmed.

Kofi O. Kyei filed the briefs *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

DeVORE, P. J.

Affirmed.

**DeVORE, P. J.**

Petitioner seeks judicial review of the final order of an administrative law judge (ALJ) affirming petitioner's driver's license suspensions as a result of his child support arrearage. *See* ORS 25.750 (occupational or professional licenses subject to suspension upon specified conditions); ORS 25.759 (only three bases for contesting suspension). On appeal, petitioner asserts a nine-point assignment of error. Primarily, he argues that a 2013 order related to prior license suspensions, which was entered in an earlier case in Multnomah County Circuit Court, precluded both a subsequent enforcement judgment for child support in Clackamas County Circuit Court, a matter which is subject to another appeal, and also the license suspension at issue in this particular appeal. Petitioner also argues that the ALJ incorrectly calculated the amount of his child support arrearage.

On judicial review, we review for errors of law and for substantial evidence and reason. ORS 183.482(8); *Endres v. DMV*, 255 Or App 226, 228-29, 297 P3d 505 (2013). This is not a case in which we could or would accept petitioner's request for *de novo* review. *See* ORS 183.482(8)(a)-(c) (standards of review of agency action do not include *de novo* review); ORS 19.415(3)(b) (authorizing *de novo* review of an "equitable action or proceeding"). We address petitioner's leading arguments without a summary of facts or description of the several proceedings because doing so would be of no benefit to bench, bar, parties, or the public. We reject petitioner's other issues without discussion. We affirm.

Under ORS 25.759(5), the only three permissible bases for contesting the decision to suspend a license are (1) that the arrearage is not greater than three months support or $2,500; (2) that there is a mistake in the identity of the obligor; or (3) that the person has complied with an arrearage agreement described in statute or a subpoena at issue. The latter two grounds do not apply here. The first ground is at issue insofar as petitioner disputes the arrearage and the authority of the Clackamas County Circuit Court or the Clackamas County District Attorney to determine an arrearage or to act on the arrearage by suspending a license.

We conclude that the 2013 proceedings in the Multnomah case did not preclude the license suspension in this case.[1] After those Multnomah proceedings, the Clackamas County Circuit Court entered a subsequent judgment in 2018, rejecting petitioner's challenges to subsequent child support enforcement orders and determining that the 2013 Multnomah proceedings did not end petitioner's child support, nor preclude future support efforts. The enforcement of that Clackamas judgment was not stayed and is subject to a separate appeal, still pending. Because that judgment was not stayed, it remains effective. That Clackamas judgment suffices as support for the ALJ's determination in this case that petitioner continued to owe subsequent child support and that subsequent support enforcement efforts were not limited by the 2013 Multnomah proceedings. *See* ORS 19.340 to ORS 19.350 (stays by trial court).

Thus, the issues before the ALJ on administrative review reduced to whether petitioner owed at least three months of child support or $2,500. ORS 25.759(5)(a). The ALJ found that petitioner was subject to an order to pay child support; that he had made a payment; that the district attorney had initiated suspension of petitioner's driver and commercial driver licenses; that petitioner had not entered into a compliance agreement; and that his child support account balance was $54,707.42. Whatever the differences may be in the accounting of that balance, the difference does not draw into question petitioner's arrearage exceeding three months of support or $2,500. The ALJ did not lack substantial evidence or reason in reaching

---

[1] In an order of February 25, 2013, apparently drafted for the court by petitioner and severally signed by the parties, the court ordered:

"The Division of Child Support and District Attorney are to immediately issue vacate orders to clear all prior suspensions of Petitioner['s] licenses. The Department of Motor Vehicles shall abide by the vacate orders and restore all of Petitioner['s] driving privileges and clearances to their pre-suspension statuses. *Unless a suspend order issues from the court, Petitioner['s] licenses shall not be suspended based on any child support or arrears.*"

(Emphasis added.)

On September 26, 2013, the parties signed a Stipulated Supplemental Judgment, entered in Multnomah County Circuit Court, that terminated the support judgment in the Multnomah case and satisfied the arrearages petitioner owed under that judgment.

her conclusions leading to the suspension of petitioner's licenses.

Affirmed.