No. 906 October 15, 2025 283

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Suspension of the Driving Privileges of
Benjamin Edward Nash.

Benjamin Edward NASH,
*Petitioner,*

*v.*

DRIVER AND MOTOR VEHICLE SERVICES DIVISION
(DMV), a Division of the Department of Transportation,
*Respondent.*

Department of Motor Vehicles
202312142784;
A183068

Benjamin E. Nash filed the brief *pro se*.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Petitioner seeks judicial review of a final order of the Driver and Motor Vehicle Services Division of the Department of Transportation (DMV) denying their request for a late hearing, raising two assignments of error. In petitioner's first assignment of error, they contend that "[t]he DMV erred in denying Petitioner's request for an implied consent hearing due to untimeliness, despite procedural issues, misleading information, and circumstances beyond Petitioner's control that prevented compliance with the 10-day deadline." In petitioner's second assignment of error, they contend that "[t]he DMV erred in upholding the [license] suspension based solely on refusal to submit to a breathalyzer test, even though a blood sample obtained under a warrant was available to meet the state's evidentiary needs." For the reasons below, we affirm.

*First Assignment of Error.* The DMV determined that petitioner had failed to establish "other just cause" under ORS 813.440 for requesting a hearing after the ten days provided for in ORS 813.410(4) had lapsed. *See* ORS 813.410(4) ("If within 10 days from the date of arrest *** the department receives a request for a hearing from a person whose driving privileges or commercial driving privileges the department proposes to suspend under this section, the department shall provide a hearing in accordance with this section."); ORS 813.440(1)(g) ("Notwithstanding ORS 813.410, the Department of Transportation may provide a hearing to determine the validity of a suspension under ORS 813.410 only if the time requirements under ORS 813.410 could not be met because of any of the following: *** Other just cause as defined by the department by administrative rule.").

The Department of Transportation has adopted a rule, OAR 735-090-0000(5)(a)(A), which defines "'[o]ther just cause' as used in ORS 813.440(1)(g)" to mean, as relevant here, "Circumstances beyond the reasonable control of the petitioning party and beyond the ability of a reasonable person to foresee," which "[p]revented the petitioning party from filing a timely request for a hearing as set forth in ORS 813.410(4)."

On appeal, petitioner contends, among other points, that the DMV erred when it determined that petitioner

had not established "other just cause" because (1) "[u]nder ORS 183.750, agencies are required to provide clear and understandable information," but the information petitioner received from the DMV contained "misleading language"; (2) the DMV did not receive a "failed blood test notice" from the arresting officer; (3) petitioner received incorrect information during a July 28, 2023, phone call with the DMV; and (4) petitioner "faced mental health challenges, including generalized anxiety disorder, which contributed to their inability to navigate the legal system."[1]

Reviewing for errors of law, substantial evidence, and substantial reason, ORS 183.482(8), *Endres v. DMV*, 255 Or App 226, 228-29, 297 P3d 505 (2013), we conclude that the DMV did not err in determining that the reasons identified by petitioner for failing to request a hearing within ten days did not constitute "[c]ircumstances beyond the reasonable control of the petitioning party and beyond the ability of a reasonable person to foresee" within the meaning of OAR 735-090-0000(5)(a)(A).

In particular, we note that the form that petitioner received informing them about the need to request a hearing within ten days is not ambiguous; petitioner's license was not suspended for failing a blood test; to the extent petitioner received incorrect information during the July 28, 2023, phone call with the DMV, that was already past the 10-day deadline to request a hearing, and so it could not have caused them confusion that resulted in them missing the 10-day deadline; and, on this record, we cannot say petitioner's mental health challenges constitute "just cause" under OAR 735-090-0000(5)(a)(A).[2]

---

[1] Petitioner also argues that the hardship permit process, which denied them some of their requests but later granted permits after they modified their requests to comply with administrative rules, was punitive, did not promote public safety, and violated the federal due process and equal protection doctrines. Petitioner does not assign error to a ruling concerning those issues, so we do not address those issues in this opinion.

[2] Petitioner also argues that they had "just cause" under ORS 813.440(1)(g) for requesting the hearing after the 10 days granted by ORS 813.410(4), because petitioner was "assaulted during and after the administration of the blood test"; petitioner "experienced delays in securing legal counsel"; and "the 10-day deadline is arbitrary for a matter as critical as driving privileges."

Those are arguments are not preserved and, in any event, do not provide a basis for reversal on this record.

*Second Assignment of Error.* As noted, in petitioner's second assignment of error, they contend that the "DMV erred in upholding the 90-day suspension based solely on refusal to submit to a breathalyzer test, even though a blood sample obtained under a warrant was available to meet the state's evidentiary needs."

As we understand petitioner's argument, they contend that ORS 813.100 and ORS 813.420(1), codifying license suspension for refusing a "chemical test of [one's] breath," are unconstitutional as applied to them and others who are similarly situated. That is, as petitioner sees it, the statutes are unconstitutional where, upon refusal to consent to a "chemical test of the person's breath," ORS 813.100, law enforcement personnel seek and obtain a judicial warrant for a blood sample that later establishes a blood alcohol content (BAC) above .08%. Petitioner argues that the implied consent structure in general and the license suspension for refusal to perform a chemical test of one's breath in particular is punitive, rather than justified by public safety. Petitioner notes that the license suspension for refusing to consent to a "chemical test of [one's] breath" is one year pursuant to ORS 813.420(1), while the license suspension for taking and failing a breath test is only 90 days pursuant to ORS 813.420(3).

We do not, however, reach those arguments. Petitioner did not timely request a hearing under ORS 813.410 at which the DMV could have considered whether the suspension was "valid." ORS 813.410(1). Because petitioner never had a hearing at which the DMV could consider the validity of his suspension, there is no order on the validity of his suspension for this court to review, and that issue is not properly before us.[3]

Affirmed.

---

[3] Petitioner also argues that the suspension in their case violates the Supremacy Clause because their work for the U.S. Forest Service was hampered by the suspension and made it difficult for them to carry out their federal duties, and argues that the implied consent form fails to adequately convey the information about the consequences of refusal to people who are intoxicated, such that the refusal-based suspension was unlawful as applied to them. We reject these arguments without discussion.